Abraham N. Geller, J.
Upon his arraignment on the indictment, this defendant orally moved through counsel, relying on dictum in People v. Tornetto (16 N Y 2d 902), to grant him the preliminary hearing of which he was allegedly deprived upon his arraignment before the committing Magistrate in the Criminal Court of the City of New York. Several other defendants have indicated on their arraignment in this court that they intend to press similar motions. It has been suggested to them and their .counsel that they await the decision on this first application and, if thereafter advised to proceed, to do so upon written papers. This motion has been spread on the record.
In Tornetto, defendant, who had pleaded guilty, argued upon *1027 appeal that his plea should be set aside because his demand for a preliminary hearing had been refused and that the fact that an indictment had subsequently been returned did not preclude him from seeking relief for the denial of this statutory right. The decision of the Court of Appeals reads: “ Judgment affirmed. (See People ex rel. Hirschberg v. Close, 1 N Y 2d 258; cf. People v. Nicholson, 11 N Y 2d 1067.) However, we call attention to section 190 of the Code of Criminal Procedure which requires the court to examine the case unless defendant waives such examination.”
Hirschberg held that a Grand Jury has the right to indict “regardless of what had occurred before the magistrate and regardless of whether the magistrate had held or discharged the prisoner or still had the matter pending, or of whether there had ever been such a preliminary hearing ” (p. 261) and, therefore, no defect in the proceeding before the committing Magistrate could affect the validity of the proceedings following an indictment. Thus, in view of the indictment as well as the waiver resulting from the plea of guilty (cf. People v. Nicholson, supra), the judgment was affirmed. The added statement, calling attention to section 190, was quite evidently directed as an admonition to committing Magistrates, whose duty it is under that section to examine the case by means of a preliminary hearing unless defendant waives such examination.
The question now raised on this application is whether a defendant, who did not waive such examination before the Magistrate, has the right to demand it after indictment and prior to trial. It appears from the record of the proceedings in the Criminal Court that this defendant did not waive the examination.
The answer depends upon the purpose of a preliminary hearing and whether or not such purpose is affected by the finding of an indictment. Its purpose is to safeguard a person charged with a felony against being improperly committed on the basis solely of some charging complaint or affidavit, requiring, unless it be waived, a hearing before a Magistrate to determine whether probable cause exists for holding him until the matter has been presented and passed upon by the Grand Jury. If, prior to such hearing, a Grand Jury indicts, that purpose has been accomplished, since a Grand Jury may indict only upon legal evidence sufficient in its judgment to warrant a conviction by a trial jury. The safeguard of a preliminary hearing is provided only in the case of a preliminary arrest and is not provided when an indictment has been found in the first instance, the judgment of the Grand Jury that a prima facie case has *1028 been presented being the safeguard required by the Constitution for “ infamous ” crimes. It may be noted, parenthetically, that in a fairly substantial number of cases the G-rand Jury’s deliberations result in a dismissal of the charge.
Once a defendant has been indicted, whether it be in the first instance or after a preliminary arrest, the danger of imprisonment on an unfounded charge without probable cause no longer exists. Once a defendant has been indicted, there is no purpose or function left to be performed by a committing Magistrate, whose jurisdiction as to a felony charge extends solely to determining whether a defendant should be held for action by the Grand Jury. Once a defendant has been indicted, whether in the first instance or after preliminary arrest, there is no reason for distinguishing as to his rights and remedies in subsequent proceedings prior to trial.
Defendant’s memorandum, citing Blue v. United States (342 F. 2d 894 [1964]), claims that there is an additional purpose of a preliminary hearing — discovery in advance of trial of the evidence against him. In Blue, dealing with the Federal Buies of Criminal Procedure, while holding that no postconviction remedy was available, it was suggested that a defendant, preliminarily arrested and wrongfully deprived of a preliminary hearing, should despite an intervening indictment be entitled to petition by habeas corpus or mandamus for such a hearing before trial for the purpose of pretrial discovery.
For such purpose there is no reason to distinguish after an indictment has been found between defendants preliminarily arrested and those indicted in the first instance. To allow the former practically unlimited pretrial discovery far beyond what is allowable even in civil cases while restricting the latter to the severely limited discovery procedures available in criminal actions, is obviously discriminatory and unfair to the latter. While the trend is toward somewhat broader pretrial discovery in criminal cases, it should be made available to all indicted defendants by appropriate legislation, rule or decisional law. It may be that in certain types of cases defendants’ attorneys view the preliminary hearing as a means to discover the People’s case, but others often waive the preliminary hearing as a tactical matter, since the deposition of a witness then taken can be introduced in evidence upon the trial if the prosecution is unable to procure his attendance at the trial. In any event, that is not its purpose or function as part of the just administration of criminal law.
As the purpose for the preliminary hearing terminates when an indictment has been found, no procedure to obtain it is there *1029 after available. Such a defendant’s rights are then no more and no less than those of a defendant indicted in the first instance. The remedy in a proper case to move for an inspection of the Grand Jury minutes or dismissal of the indictment is available to all such defendants.
The motion seeking a preliminary examination by this court or by the committing Magistrate is accordingly denied.
The remedy prior to indictment, open to a defendant who has not waived the preliminary hearing, where it is claimed that the Magistrate has been adjourning the matter contrary to the statutory requirements, would appear to be by writ of habeas corpus (more expeditious than an article 78 proceeding in the nature of mandamus). A defendant is entitled to the aid of counsel when first brought before the Magistrate (Code Grim. Pro., § 188); the Magistrate must proceed after appearance of counsel to examine the case unless waived (§ 190); and the examination must be completed at one session unless the Magistrate adjourn it for good cause shown and in accordance with the statute (§ 191). There are circumstances in particular cases justifying adjournments. On the return of the writ the question as to compliance with the statute and the good cause shown for adjournments in such cases would be passed on. Belief for a wrongful deprivation of a preliminary hearing would be granted by directing discharge unless such hearing be held by an early fixed date. However, if the Grand Jury should indict prior to or during the holding of the preliminary hearing, its function would cease, being superseded, as previously indicated, by the finding of the indictment. The procedure under habeas corpus is summary in nature. If a preliminary hearing is wrongfully withheld, that procedure should result in either a reasonably prompt indictment or preliminary hearing.
A defendant must be given a remedy for a continued detention which is not in compliance with the statute. If there is to be wider discretion to adjourn a preliminary hearing, dependent on circumstances but still in conformity with due process requirements, that is a matter to be provided for by appropriate legislative amendment.