THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* DOMINICK ABBATIELLO, Appellant.

First Department, April 23, 1968.

*Henry A. Freedman* of counsel (*Anthony F. Marra,* attorney), for appellant.

*Alan F. Scribner* of counsel (*H. Richard Uviller* with him on the brief; *Frank S. Hogan, District Attorney*), for respondent.

EAGER, J. The defendant was convicted, after a trial before court and jury, of manslaughter in the first degree. Appealing from the judgment of conviction, the defendant raises the point, among others, that he was denied his right to a speedy trial, contending that the court improperly denied his motion to dismiss the indictment for failure to prosecute.

The defendant was apprehended on September 26, 1964, and on the following day was arraigned in the Criminal Court upon a complaint of a police officer charging him with homicide. The defendant was duly represented by an attorney and the matter of a preliminary hearing upon the charge was continued from time to time. On an adjourned date for the hearing, December 1, 1964, the District Attorney requested an adjournment to December 11. The defendant's attorney stated on the record that he had been informed that the case was pending before the Grand Jury and that he would consent to the adjournment to December 11 " only on the stipulation  *  *  * if there is no indictment, the District Attorney's office will be ready and prepared to conduct a hearing ". The District Attorney replied that there would either " be an indictment or a transfer, which is a reduction, or a dismissal. In any event, if this case is before the Grand Jury, we will dispose of this case on that date ", to which defendant's attorney replied, " Eleventh is agreeable." In the meantime, and on December 10, 1964, the defendant was indicted for murder in the first degree. He was arraigned on such indictment on the following day and pleaded not guilty.

The pre-indictment delay does not furnish grounds for an attack upon the conviction. A defendant has no constitutional or statutory right to a preliminary hearing as a condition precedent to a valid indictment. (See *Goldsby* v. *United States,* 160 U. S. 70, 73; *Hughes* v. *Gault,* 271 U. S. 142, 149; *Garrison* v. *Johnston,* 104 F. 2d 128, 130; *People ex rel. Hirschberg* v. *Close,* 1 N Y 2d 258; *Matter of Widziewicz* v. *Golding,* 52 Misc 2d 837, 841; *People* v. *Edwards,* 19 Misc 2d 412.) Prior to the indictment,

however, the defendant could have moved, pursuant to Code of Criminal Procedure (§§ 222-d, 667), for a dismissal of the prosecution because of the failure to obtain an indictment against him "at the next term of the court". But he made no such motion and, as aforenoted, his attorney stated that it was "agreeable" that the hearing be adjourned to give the Grand Jury an opportunity to consider the matter. The failure to hold a preliminary hearing did not immunize the defendant from indictment or bar prosecution under the indictment which was returned. Under the circumstances here, the pre-indictment delay did not deprive the defendant of due process, and such delay was nullified by the return of the indictment. (See *People* v. *Saccenti,* 14 N Y 2d 1, cert. den. 379 U. S. 854; cf. *People* v. *Winfrey,* 20 N Y 2d 138, 141.)

Following the indictment, the defendant by motion, submitted on February 17, 1965, applied for a dismissal thereof for insufficiency of evidence, for an inspection of the minutes of the Grand Jury, and for a bill of particulars and a discovery and inspection. The motion, insofar as it sought a dismissal of the indictment and an inspection of the Grand Jury minutes was denied, but the court granted a bill of particulars and a discovery and inspection. (46 Misc 2d 148.) The order was entered on April 5, 1965, but it does not appear when the bill of particulars was served or when and if the discovery and inspection was had.

The District Attorney delayed in placing the indictment upon the calendar for trial and, by motion returnable on October 8, 1965, the defendant moved to dismiss the indictment for failure of prosecution. This motion was brought on by a written notice of motion and an affidavit by defendant's attorney alleging that the defendant had not been brought to trial on the indictment although more than nine terms of the court had passed since his arraignment upon the indictment.

On the return of the motion, the People had the burden of showing "good cause" why the indictment had not been promptly brought on for trial as required by law. (Code Crim. Pro., § 668; *People* v. *Prosser,* 309 N. Y. 353, 358; *People* v. *Darrah,* 29 A D 2d 816; *People* v. *Mudra,* 12 Misc 2d 438.) Where, as here, a motion is properly made by written notice of motion and affidavit, the District Attorney, if he opposes the motion, should submit affidavits or other proofs explaining the cause for the delay. (*People* v. *Cowan,* 21 A D 2d 687.) "The inquiry in each case is factual" (*People* v. *Prosser,* 309 N. Y. 353, 360) and the facts relative to delay should be properly established. "Records, proper in form and content will thus be before us; and the rights of both the People and the defendant

will tend, on appeal, to be better secured ". (*People* v. *Cowan, supra.*)

An Assistant District Attorney appeared on the return of the motion to dismiss, but did not submit an affidavit or any proof in opposition. However, he asked the court to take notice of the fact that he had been on trial constantly for many months; that he was " going on trial in another matter on the 18th of this month "; that it " may be that I will be able to follow with this case * *. * but I must dispose of my older issues first." The court stated that it would take judicial notice of the delay in criminal trials due to court congestion and of the " overabundance of murder and [that] there is only a certain number of qualified members of the District Attorney's office that could try them and, with due respect to the members of the Bar, there is only a certain number of qualified members of the Bar to defend."

On the basis of the record, however, it is not necessary to reach the question of whether the specific reasons advanced by the District Attorney or stated by the court furnished proper justification for the delay in prosecution of the indictment. We conclude that the denial of defendant's motion was justified, in the exercise of the court's discretion, on the ground that the defendant acquiesced in the postponement of the trial.

The discussion on the return of the motion on October 8 resulted in a request by defendant's attorney that the case be put on for the November Term. He stated: " At least, we know that the case is on the Trial Calendar: that's all the motion requested. * * * Pick a November date — we are not going to be held to it." The Assistant District Attorney then noted that he was going to trial in Part 36 on October 18 and the court, without objection or further suggestion by defendant's counsel, set the case down for October 29 in Part 36, the court stating that this " is for the benefit of Counsel * * *. See if you can arrange for some definite date." Thereupon, the motion to dismiss for lack of prosecution was denied.

A motion to dismiss an indictment for a delay in bringing the indictment to trial is addressed to the sound discretion of the court. If the record in a particular case establishes " that there is * * * room under the facts and history of [the] case for the exercise of discretion," the defendant is not entitled to dismissal as a matter of law; the court should exercise the discretion vested in it in light of all the circumstances. (*People v. Alfonso,* 6 N Y 2d 225, 229.) " [W]hether there has been undue delay, depends ' upon the circumstances of each particular case.' " (*People* v. *Prosser,* 309 N. Y. 353, 360; see, also, *People*

v. *White,* 2 N Y 2d 220, cert. den. 353 U. S. 969.) Relevant circumstances to be considered may include the nature of the criminal charges; the extent of the delay; the prejudice to the defendant, including whether he was in custody or released on bail; the time reasonably required for necessary pretrial proceedings in preparation for trial; temporary absence or unavailability of witnesses; and whether the delay has been contributed to by the proceedings of the defendant (see, for instance, various statements in the text and notes in 22A C. J. S., Criminal Law, §§ 467–472).

Where there has been extended delay in prosecution, the manner of the exercise of the court's discretion may depend primarily upon the proceedings which were taken by the defendant and the position assumed by him. A defendant may not validly complain of a delay to which he consented or which resulted from his affirmative actions or proceedings. Furthermore, it must be understood that a defendant may desire a trial or disposition of a criminal charge on the merits. In this connection, he may complain of a delay but waive such complaint by acquiescence in the setting of the matter down for trial.

Here, the delay in the prosecution of the indictment and the attendant circumstances were not such as to entitle the defendant to his discharge as a matter of law. (See *People* v. *Alfonso, supra.*) On this basis, defendant's counsel, as aforesaid, took the position that all he "requested" by the motion was the fixing of a date for trial and he acquiesced in the adjournment to a future date. Under these circumstances, it may not be said that it was an abuse of discretion for the court to accede to the suggestions of counsel and thereupon deny the motion to dismiss.

The defendant acquiesced in the further adjournment to October 29, and the trial was then adjourned but the record before us does not disclose the proceedings on or after the 29th. In any event, the defendant does not claim that he thereafter objected to the delay in disposing of the indictment. The matter came on for a *Huntley* hearing on January 13, 1966 and defendant's counsel indicated that he was then ready and proceeded with the hearing on the merits without making any motion or noting any objection based upon a delay in prosecution. Immediately following the completion of the *Huntley* hearing and on January 28, 1966, the trial of the defendant was commenced and thereafter completed in due course.

"It is well settled that the right to a speedy trial may be waived (*People* v. *Prosser,* 309 N. Y. 353, 359, and cases there cited; see, also, 129 A. L. R. 572). This waiver may occur either through the acquiescence of defendant in delay or in his failure

16

to raise the point in time.'' (*People* v. *White*, 2 N Y 2d 220, 223–224, *supra*; see also, *People* v. *Piscitello*, 7 N Y 2d 387.) Having acquiesced in the trial adjournments and having fully participated in the hearing and the trial on the merits without pressing the objection to the alleged delay in prosecution, the defendant should be and is now precluded from challenging his conviction on this particular ground. (See *People* v. *White, supra*; *People* v. *Prosser, supra*; *People* v. *Godwin*, 2 A D 2d 846, affd. 2 N Y 2d 891.)

We have considered the further points raised by the defendant on this appeal, but find that they also lack merit. Consequently, the judgment convicting the defendant of manslaughter in the first degree should be affirmed.

BOTEIN, P. J., STEVENS, McGIVERN and RABIN, JJ., concur.

Judgment of conviction unanimously affirmed.