## (June 9, 1969)

In the Matter of VERNON WILSON, Petitioner, v. JOHN A. GALLUCCI, as County Judge of Rockland County, et al., Respondents.— This is a proceeding pursuant to article 78 of the CPLR to direct the respondent County Judge to issue certain subpoenas duces tecum in a criminal case pending against petitioner and to prohibit said respondent and the respondent District Attorney from moving said case to trial until such subpoenas shall have been issued. The District Attorney has moved to dismiss the petition upon objections in point of law, namely, the petition fails to state a cause of action and the County Judge's refusal to issue the subpoenas was not a final determination and was an exercise of discretion in a criminal case which may not be reviewed in an article 78 proceeding. Petition dismissed on the merits, without costs. Petitioner, indicted and charged with criminally selling a dangerous drug in the second degree (Penal Law, § 220.35), was granted a pretrial hearing on the admissibility of identification evidence. Prior to the commencement of the hearing, he applied to the respondent County Judge for subpoenas duces tecum addressed to the Spring Valley Police Department, the Clarkstown Police Department, the Department of New York State Police and five named members of the above Departments, for production of a wide range of records and documents (too numerous to recite here; but see decision of Gallucci, J., dated March 13, 1969) "pertaining to the investigation and arrest" of petitioner. The application was denied, by an order dated March 17, 1969, on the grounds of the failure to show materiality and relevance and of the breadth of the subpoenas. Determination of the instant proceeding turns on whether the issuance of a subpoena duces tecum directed to a governmental department in a criminal action is a ministerial or discretionary act. The prohibition sought is wholly dependent on a favorable determination on the mandamus (subpoena) issue. Mandamus will lie against a body or

officer only to require the performance of a duty enjoined upon it or him by law (CPLR 7803, par. 1). However, an article 78 proceeding may not be employed "to challenge a determination: 1. * * * 2. which was made in a * * * criminal matter" (CPLR 7801). Christ, Acting P. J., Hopkins, Benjamin, Munder and Martuscello, JJ., concur.