Arthur H. Goldberg, J.
The defendants’ application is for a preliminary hearing. The complaint charged criminal mischief (Penal Law, § 145.00) but, on motion of the District Attorney, the charge has been reduced to an attempt (Penal Law, §§ 110.00,145.00). Defendants contend — erroneously, I believe — that they are nevertheless entitled to a jury trial and also a preliminary hearing.
I am now deciding only the question of whether defendants are entitled to such a hearing. Whether defendants do have a right to trial by jury is not, I think, decisive on the question of the right to a preliminary hearing. What is decisive is that a three-Judge trial is not demanded, and that the defendant is not in detention.
The statute in regard to preliminary hearings in this court provides that if the defendant or the District Attorney demands *835 a trial before a panel of three Judges, or if the court on its own motion directs that the trial be held by such a tribunal, the judge ‘ ‘ in any such instance * * * if the defendant shall not waive examination, shall proceed to examine the case, and as the evidence warrants, either discharge the defendant or hold the defendant to answer for trial in such part ’ ’ (N. Y. City Grim. Ct. Act, § 40).
By its terms this provision is limited to trials before a three-judge panel. This provision for hearings has been called “ vestigial ”, undoubtedly because it was enacted in 1962 as a provision in one of the court reorganization bills which, in consolidating the Court of Special Sessions with the Magistrates’ Courts, continued the hearing which the Magistrates had held before sending a case to 'Special Sessions for trial. In any event, the provision, by its explicit terms, is inapplicable either to a trial before a single Judge or a trial by jury; it is confined to a hearing preliminary to a trial before a three-judge court.
I note parenthetically that in the 57 other counties of the State which have had jury trials of misdemeanor charges for many decades, there are no preliminary hearings. The statutory provisions governing the criminal law procedures in those counties are expressly inapplicable, however, to the counties in New York City (Code 'Grim. Pro., part 5, tit. 1), and do not govern cases in this court.
In deciding the question of the defendants’ rights to a preliminary hearing in this case, I find no statute law either providing for, or denying such a hearing. The question must be decided according to the purpose of the preliminary examination or hearing.
I share the views expressed by the late Justice Abraham Geller in People v. Jackson (48 Misc 2d 1026) which, though expressed in deciding a somewhat different question — whether a defendant who had been indicted was entitled to the preliminary hearing which he could have had in this court prior to indictment (Code Orim. Pro., § 190) — are, I believe, pertinent here. Justice Geller said (p. 1027) that “ Its purpose is to safeguard a person charged with a felony against being improperly committed on the basis solely of some charging complaint or affidavit, requiring, unless it be waived, a hearing before a Magistrate to determine whether probable cause exists for holding him until the matter has been presented and passed upon by the grand jury.” (Emphasis added.)
Justice Geller rejected the argument that there is an additional purpose of a preliminary hearing — discovery, in advance *836 of the trial, of the evidence against him. Whether preliminary examinations should be so extended is for the Legislature to decide. It has not yet so acted.
Although Justice G-eller was speaking of a hearing in felony cases, his analysis would strongly support a contention that a defendant who is in detention awaiting trial of a misdemeanor charge based on a complaint or affidavit is entitled to a hearing so that a determination may be made whether probable cause exists for detaining him.
That question is not before me. In the case at bar, the defendants are not in detention. Their application for a preliminary hearing is denied.