Lawrence H. Schultz, Jr., J.
Defendant has been charged with grand larceny in the second degree, a Class D felony pursuant to section 155.35 of the Penal Law. On Tuesday, May 30, 1972, defendant was arraigned in this court on a felony complaint, the same having "been prepared by the City Police Attorney. Upon the basis of paragraph (b) of subdivision 2 of CPL 530.20, no bail was set at this time inasmuch as the court had not been furnished with a report from the New York State Identification and Intelligence System (NYSIIS) nor had the District Attorney been heard of in the matter regarding bail. The defendant was remanded to the Genesee County jail until Wednesday, May 31, 1972, to obtain counsel and to await the receipt of the NYSIIS Report. On May 31, 1972, the defendant reappeared in City Court with his retained counsel; the District Attorney had been heard from regarding bail and the NYSIIS report had been received, and bail was set, whereupon the defendant was released from the custody of the Sheriff on a partially secured bail bond (CPL 500.10, subd. 18). At this time defendant’s attorney■ requested a preliminary hearing and a date was set for Monday, June 5,1972.
On Monday, June 5, 1972, defendant appeared in City Court with his attorney. At that time a letter was received from the *1017 District Attorney addressed to defendant’s counsel with a copy available to this court, stating that inasmuch as the Genesee County Grand Jury would convene on Tuesday, June 6 there would be no preliminary hearing on Monday, June 5.
On June 5, 1972, the defendant moved for release on his own recognizance pursuant to article 180 of the CPL and that furthermore, inasmuch as the District Attorney has failed or refused to proceed on a preliminary hearing on the felony complaint, that the complaint be dismissed. It is the defendant’s contention that, on the failure to hold a preliminary hearing, CPL 180.70 governs; that the lack of a hearing is tantamount to granting defendant’s motion that no reasonable cause exists to believe that the defendant committed a felony, and that City Court ceases to have jurisdiction as a lower criminal court to hold the defendant for the Grand Jury.
The defendant is hereby released on his own recognizance pursuant to the provisions of CPL 180.80. However, the motion to dismiss the felony complaint is denied.
I cannot agree with the defendant’s contention that the felony complaint, under the particular set of circumstances, must be dismissed. This is a new provision in the law and .in particular, CPL 180.80 has no precedent in the Criminal Code. As a means of interpreting statutory intent, reliance must be placed upon the reading of the sections of the statute as well as the Commission Staff Comments. There are also the text authorities, consisting in the main of “ Criminal Law of New York, The Criminal Procedure Law ”, by Henry B. Rothblatt (Lawyer’s Co-op. Pub. Co., 1971) and “ New York Criminal Practice Under the CPL ”, by Robert M. Pitler (Practicing Law Institute, 1972).
In the opening section of article 180 of the CPL it is stated as follows: “1. Upon the defendant’s arraignment before a local criminal court upon a felony complaint, the court must immediately inform him, or cause him to be informed in its presence, of the charge or charges against him and that the primary purpose of the proceedings upon such felony complaint is to determine whether the defendant is to he held for the action of a grand jury with respect to the charges contained therein (CPL 180.10, subd. 1; emphasis supplied).
One of the rights to which the defendant is entitled is a prompt hearing “ upon the issue of whether there is sufficient evidence to warrant the court in holding him for the action of a grand jury.” (CPL 180.10, subd. 2).
Immediately following the arraignment and before bail may be set by the court, the provisions of paragraph (b) of subdivi *1018 sion 2 of CPL 530.20 must be complied with, in obtaining a NYSIIS report and notifying the District Attorney of the charge and hearing from that office. In addition, the onus is upon the District Attorney to conduct a preliminary hearing, or felony hearing. In the classic case under the statute, the defendant would still be in custody and at this point the defendant’s primary purpose would be to be released from custody. The preliminary hearing would accomplish this, or the expiration of the 72-hour period, which would release him upon his own recognizance (CPL 180.80).
What then, is the purpose of the hearing? It is stated in the Commission Staff Comment to CPL 180.70, as follows: “ The felony hearing is basically, a first screening of the charge; its function is neither to accuse nor to try the defendant. These steps will come later. Meanwhile, the defendant’s main interest is in obtaining his release from custody. A most important function of the felony hearing, after the decision has been made to hold the defendant for the grand jury, is to determine whether he should be released and if so, under what conditions. To make this latter function meaningful, the hearing must be held promptly after the defendant has been taken into custody.”
In the instant case before the court, the defendant had been released on bail set by the court on Wednesday, May 31. The defendant asked for a preliminary hearing much beyond the 72-hour period from the time of arraignment, for Monday, June 5. Therefore, the defendant was not in the Sheriff’s custody at the time the hearing was to be held. To this extent the situation does not conform to the classic situation contemplated under CPL 180.70, or CPL 180.80. Regarding the right to a hearing by the defendant, the right may be waived. Furthermore in the event the Grand Jury should indict the defendant subsequent to the time of arraignment and prior to the expiration of the 72-hour period, the jurisdiction of the lower criminal court is divested. (See CPL 180.80, subd. 2; Pitler, New York Criminal Practice Under the CPL § 4.30, p. 206.) In addition to this, the lower criminal court, following a hearing, may dismiss the felony complaint, or may reduce the felony complaint to a misdemeanor.
What, then, is the situation, where the defendant has requested a hearing upon the felony complaint, where the defendant has been released on bail from custody, and the People have either refused or failed to hold such preliminary examination? Rothblatt states as follows: “ No similar provision is found in the *1019 old Code. It must be noted that the complaint is not dismissed; the defendant is merely released ” (ibid., § 207, p. 160).
The Commission Staff Comment has this to say, on its comment to CPL 180.80: “ This section is designed to prevent the situation in which a defendant who has been arraigned upon a felony complaint, is by reason of the court’s refusal to fix bail or of the defendant’s inability to furnish bail in the amount fixed, confined in prison for an extensive period awaiting preliminary examination of the charge. * * * Failure to accord the defendant such timely examination, though not resulting in dismissal of the felony complaint, requires that, upon application, he be released on his own recognizance.’’ (Emphasis supplied.)
Under article 180, CPL 180.70 determines what disposition of the felony complaint shall be had after a hearing; CPL 180.80 provides simply for the “ release of defendant from custody upon failure of timely disposition.” No mention is made of the word “ dismissal ”. Were it incumbent that the People establish a prima facie case the situation might be different. However, in the new statute it is only necessary that the people show sufficient cause or that reasonable cause exists to hold the defendant for the Grand Jury. Reasonable cause is defined in CPL 70.10 (subd. 2). It is stated by Rothblatt as follows: “ The provision of the new Criminal Procedure Law that there shall be a holding for a grand jury if there is reasonable cause to believe that the defendant committed a felony does away with the former requirements of a prima facie case. Now, in effect, if the evidence is sufficient for the issuance of a warrant of arrest or for an arrest without a warrant — all other things being equal — it should be sufficient to hold a person for the action of the grand jury.” [Ibid., § 213, p. 163; see, also, Commission Staff Comment to Section 180.70.]
For the above reasons, I do not find that this court must dismiss the complaint. It is my further opinion that the court retains jurisdiction of the matter-inasmuch as only the action of the Grand Jury in making an indictment, or the dismissal of the complaint, may divest the court of such jurisdiction.
No motion has been made to this court to reduce the felony complaint to a misdemeanor complaint; nor has any motion been made to .dismiss the felony complaint upon the basis of legal insufficiency. The defendant’s main interest is in obtaining his release from custody and upon his own recognizance. By the failure of the People to provide for a hearing on the felony complaint, his rights are not prejudiced in any way.
*1020 It is the determination of this court that, based upon the felony complaint presented to this court, there is reasonable cause to believe that the defendant committed a felony and the defendant is held for the action of the Genesee County Grand Jury. I do further direct the prompt transmittal to the Genesee County Grand Jury of this order, the felony complaint, and all supporting depositions and all other pertinent documents in this matter. The defendant is released from custody on his own recognizance and the bail formerly placed by the defendant is exonerated.