Joseph M. O’Donnell, J.
The defendant, Pedro Heredia, Jr., was arrested on February 24, 1975, and charged with arson in the third degree in violation of subdivision 1 of section 150.10 of the Penal Law of the State of New York. The crime was alleged to have been committed on December 31, 1974. The defendant was arraigned pursuant to a felony complaint on February 24, 1975, in First District Court of the County of Suffolk. The court set the matter down for a hearing for March 18. The defendant was released on his own recognizance. On the scheduled return date the court adjourned the matter to April 1 upon the request of the People. On March 21, the People were served with an order to show cause why a direction should not issue staying all further proceedings unless and until the defendant has had a "felony examination,” and restraining the District Attorney of Suffolk County from presenting this matter to a Grand Jury pending the determination of the instant application, and for such other and further relief as may be just and proper. Upon the return date, counsel argued orally, and in addition requested and were granted time to submit memoranda.
The issue is whether the office of the District Attorney may avoid the provisions of CPL article 180.
Defendant argues: (1) that the defendant has a right to a felony examination; (2) that undue delay deprives the defendant of due process of law and the equal protection of the Constitution; (3) that the defendant has no alternative or remedy if he is not afforded a felony hearing; (4) that the Judge of the local criminal court has the power to stay the presentment to the Grand Jury; (5) that the undue delay warrants a stay; (6) that there is no right to an adjournment simply because it is the first time on the calendar; and (7) that *779 "prompt hearing” requires a hearing prior to submission of the matter to the Grand Jury.
The District Attorney argues: (1) That a defendant has no constitutional right to a preliminary hearing on a felony complaint; (2) that the primary purpose of a preliminary hearing upon a felony complaint is to determine whether a defendant is to be held for the action of a Grand Jury; and (3) a Judge of the District Court of Suffolk County does not have the authority to stay a District Attorney from presenting evidence to a Grand Jury.
Upon the oral argument, defense counsel contended that defendant was being deprived of his right to an examination by the delay, that the delay was prejudicial to the defendant, and that if defendant should move to dismiss, he would be depriving himself of his right to an examination, that having elected to proceed by way of felony complaint, that other steps should be stayed, either by the election or by court order until the examination is held.
The People on oral argument stressed that there is no power to stay a Grand Jury, equating the District Attorney’s office in its function before the Grand Jury as being synonymous with the Grand Jury, and that the only remedy upon delay was to apply for dismissal of the felony complaint.
CPL article 180 sets forth the "Proceedings upon felony complaint from arraignment thereon through disposition thereof.”
CPL 180.10 (subd 1) reads as follows: "Upon the defendant’s arraignment before a local criminal court upon a felony complaint, the court must immediately inform him, or cause him to be informed in its presence, of the charge or charges against him and that the primary purpose of the proceedings upon such felony complaint is to determine whether the defendant is to be held for the action of a grand jury with respect to the charges contained therein. ” (Emphasis added.)
A preliminary examination is not a trial but merely an inquiry, after a criminal charge has been initiated to determine whether there is reasonable cause to believe that a crime has been committed and the accused guilty thereof. It is not necessary that all of the essential elements of the crime be proven beyond a reasonable doubt. (See People ex rel. Odell v Hall, 204 Misc 713; Gerstein v Pugh, 420 US 103.)
*780 It is stated in the Commission Staff Comment to CPL 180.70, as follows: "The felony hearing is basically, a first screening of the charge; its function is neither to accuse nor to try the defendant. These steps will come later. Meanwhile, the defendant’s main interest is in obtaining his release from custody. A most important function of the felony hearing, after the decision has been made to hold the defendant for the grand jury, is to determine whether he should be released and if so, under what conditions. To make this latter function meaningful, the hearing must be held promptly after the defendant has been taken into custody.”
A reading of the section, the comment and the cases, above and cited hereafter, indicates that the purpose of the hearing is to determine if the defendant should be held for the action of the Grand Jury, but nowhere is that interpreted as meaning “held in custody.” As the comment and the latter section indicate, the accused may be "held” for the Grand Jury and still placed on bail, or released in his own recognizance. The primary purpose of the felony hearing is not satisfied merely by releasing the accused from custody.
CPL 180.10 (subd 2) says: "The defendant has a right to a prompt hearing upon the issue of whether there is sufficient evidence to warrant the court in holding him for the action of a grand jury, but he may waive such right.”
The People contend that an accused has no constitutional right to a preliminary hearing, citing People v Carter (73 Misc 2d 1040, 1043): "The absence of a preliminary hearing in a criminal prosecution has been held not to constitute a denial of due process. (Matter of Widziewicz v Golding, 52 Misc 2d 837 [1966].) The People may submit a case to the Grand Jury despite the pending of a preliminary hearing, and an indictment will supersede any prior proceedings in the lower court. (People v Hobbs, 50 Misc 2d 561 [1966].) A defendant has no constitutional or statutory right to a preliminary hearing, and an indictment will supersede any prior proceedings in the lower court. (People v Hobbs, supra.) A defendant has no constitutional or statutory right to a preliminary hearing as a condition precedent to a valid indictment. (People v Abbatiello, 30 AD2d 11 [1968].)”
In Carter the defendant was arrested in August. Felony charges were reduced to misdemeanors in August in criminal court, as a result of an agreement between the prosecution and the defense, in exchange for which the defendant waived *781 his right to a preliminary hearing. The case was presented to the Grand Jury in September, and they filed the indictment against the defendant. The defendant was then arraigned in October. He had not received notice of the Grand Jury action so that he could exercise his right, under CPL 190.50, to appear before it. Defendant contends that the District Attorney is either bound by his original promise to the defendant or the case should be returned to the criminal court for a preliminary hearing.
The court said (p 1041): "There is no absolute right to enforce bargains entered into between the prosecution and the defense. Santobello v New York (404 US 257 [1971]) cannot be construed as providing a basis for such a right * * * It merely provides that where the defendant has entered a guilty plea in reliance upon that bargain, the defendant has a right either to withdraw his guilty plea and plead anew, or insist on enforcement of the agreement.” Then it went on to consider the question of the preliminary hearing as quoted above and cited by the People.
The court then decided the case on whether the accused had been afforded his rights under CPL 190.50.
The Carter case did restate that a preliminary hearing is not a condition precedent to an indictment when an accused has been arraigned on a felony complaint. (See, also, People ex rel. Hirschberg v Close 1 NY2d 258.)
It should also be noted that the cases cited in Carter for the absence of a statutory right predate article 180, which was added by chapter 996 of the Laws of 1970, effective September 1, 1971. The Commission Staff Comment said: "Subdivision 2, which provides for a 'prompt hearing’ of the felony complaint, serves to introduce a new and important concept which is further developed in § 180.60 infra — on the function and conduct of the felony hearing.”
To deny that the defendant has a right to the hearing is to deny to the words of the section their ordinary meaning. CPL 180.10 is not ambiguous.
The accused may waive the right to a felony hearing. It has been held that such a waiver must be knowingly and intelligently made. (See People ex rel. Pulver v Pavlak, 71 Misc 2d 95.)
This court does not find the conclusions reached in People v Cummings (70 Misc 2d 1016) binding on it, nor are they *782 persuasive. Therein the Judge in effect interpreted the statute to be that the sole purpose of the hearing was to determine whether or not the accused was to remain in custody. Furthermore, without a hearing, in complete disregard of the statutory provisions, the Judge ordered the defendant held for the Grand Jury. This was done without waiver, without inquiry, and without hearing. Such action negates the efficacy of the interpretation by that court of the significance of the statute.
There can be no doubt of the statutory mandate. The defendant has a right to a prompt hearing.
CPL 180.10 (subd 4) says: "The court must inform the defendant of all rights specified in subdivisions two and three. The court must accord the defendant opportunity to exercise such rights and must itself take such affirmative action as is necessary to effectuate them. ” (Emphasis supplied.)
CPL 180.10 (subd 4) has imposed an affirmative duty on the court which the court will not avoid.
"Th[e] court has the responsibility of safeguarding both the rights of the accused and the interests of the public in the administration of criminal justice. In addition it has the obligation on its own initiative to correct real or apparent improprieties which would tend to lower esteem for the system which it is bound to uphold.” (People v Krstovich, 72 Misc 2d 90, 94.)
The People maintain that a Judge of the District Court of Suffolk County does not have the authority to stay a District Attorney from presenting evidence to a Grand Jury, citing the Constitution of the State of New York, section 6 of article I, CPL article 190 and People v Elfe (34 Misc 2d 206).
CPL 180.80 (subd 2) indicates that the filing of an indictment or prosecution information by a Grand Jury is not precluded by the filing of the felony complaint in the local criminal court.
It would appear that the District Attorney has a statutory obligation to be prepared for and proceed with the felony hearing.
CPL 180.60 says:
"A hearing upon a felony complaint must be conducted as follows:
"1. The district attorney must conduct such hearing on behalf of the People * * *
*783 "5. The people must call and examine witnesses and offer evidence in support of the charge.”
This does not preclude an interim presentment and indictment. CPL 190.50 (subd 5, par [a]) clearly indicates such a possibility. The section affords a defendant or possible defendant the right to appear on his own behalf. An additional duty is imposed upon the District Attorney in that he must notify the defendant or his attorney, "if and only if he has been arraigned upon an as yet undisposed of felony complaint in a local criminal court.” (Comm. Staff Comment, CPL 190.50.a, q.v.)
CPL 190.50 (subd 5, par [a]) reads as follows:
"5. Although not called as a witness by the people or at the instance of the grand jury, a person has a right to be a witness in a grand jury proceeding under circumstances prescribed in this subdivision:
"(a) When a criminal charge against a person is being or is about to be or has been submitted to a grand jury, such person has a right to appear before such grand jury as a witness in his own behalf if, prior to the filing of any indictment or any direction to file a prosecutor’s information in the matter, he serves upon the district attorney of the county a written notice making such request and stating an address to which communications may be sent. The district attorney is not obliged to inform such a person that such a grand jury proceeding against him is pending, in progress or about to occur unless such person is a defendant who has been arraigned in a local criminal court upon a currently undisposed of felony complaint charging an offense which is a subject of the prospective or pending grand jury proceeding. In such case, the district attorney must notify the defendant or his attorney of the prospective or pending grand jury proceeding and accord the defendant a reasonable time to exercise his right to appear as a witness therein”.
"Concerning the right of a defendant or possible defendant to appear in his own behalf, the section (subd 5) substantially restates the provision of the Criminal Code which accorded such a person an absolute right to testify on condition that he makes a proper request and executes a waiver of immunity, and which details the obligations of the district attorney and the grand jury once those conditions have been fulfilled (CCP §250 [2]). The CPL provision, however, grants the defendant one additional right. Under the Code, he was not, under any *784 circumstances, entitled to notification that a grand jury proceeding against him was pending or in progress, and hence was not in a position to avail himself of his right to testify unless he knew of the proceeding. Under the new provision, he is entitled to notification if — and only if — he has been arraigned upon an as yet undisposed of felony complaint in a local criminal court (subd 5 [a]). This provision is designed to prevent a district attorney from depriving a defendant of the opportunity of grand jury appearance which would accrue to him in the normal course of events by suddenly and secretly 'lifting’ the case out of the lower court and into the grand jury at a time when the defendant has no reason to believe a grand jury proceeding to be in progress.” (Denzer, Practice Commentary, McKinney’s Cons Laws of NY, Book 11 A, CPL, p 145; to the same effect as the Commission Staff Comment on the paragraph.)
The right is a substantial one in view of CPL 190.50 (subd 5, par [c]), providing that any indictment obtained in violation of the rules of CPL 190.50 (subd 5, pars [a], [b]) "must be dismissed. ”
In view of the provision of CPL 190.50 (subd 5, par [a]), a stay directed to a District Attorney would be inappropriate and contrary to the statute.
The District Attorney can be presumed to assert that he has complied with the provisions of CPL 190.50 (subd 5, par [a]} in that the felony complaint, form DCCS-1000, has a printed form notice. From a reading of the printed form notice it would seem that every felony complaint is the subject of a prospective Grand Jury proceeding. It would also seem that every accused or attorney for an accused should serve a form notice on the District Attorney in reply.
In the absence of an indictment, the jurisdiction of the local criminal court continues, and the right of the accused to a felony hearing continues. The right to a hearing is not limited to the 72-hour period nor is it limited to an accused in custody.
The issue is whether the District Attorney may deliberately avoid affording the defendant a hearing.
It is the interpretation of this court that the District Attorney may not deliberately avoid conducting the hearing. Defendant has a right to the hearing and it is the District Attorney’s obligation to conduct the hearing. The court has an obligation to see that he does it.
*785 The District Attorney cannot adopt a program of delay which would in effect deny the accused his statutory right. When such a policy of avoidance by whatever means or program of delay is manifest to the court, then the court must take the affirmative action that is necessary to assure the accused his right.
The court rejects the "first time on the calendar syndrome”, and states that the District Attorney has no right or reason to anticipate an adjournment.
The court cannot accomplish its statutorily emphasized duty to affirmatively assure the accused his right to a hearing by the issuance of a stay. A stay is a negative mandate. Having the District Attorney before it, upon the first hint of a deliberate delay, or any tactic whereby the District Attorney would avoid his duty, the exercise of the inherent power of the court can take the form of an affirmative direction to the District Attorney by the court to proceed with the examination on the given date, or in the absence of an indictment (not a presentment), show cause why he should not be held in contempt for disobeying the court’s order, and the legislative mandate, and why he has denied the defendant his statutory right.
It has been expressed in the felony examination part of this court that since the defendant had been released in his own recognizance, it was not the intention of the office of the District Attorney to proceed with the examination. Such statements indicate an intention to avoid and circumvent the statute.
Pursuant to this determination, the court hereby directs the District Attorney to prepare to conduct the felony hearing, to issue the subpoenas to the necessary witnesses, or upon the failure to conduct such hearing, caused by the action or inaction of the District Attorney, to show cause why he should not be held in contempt and subject to the penalty therefor as may be provided by law; that if the conduct of the hearing is frustrated by the nonappearance of a witness subpoenaed, that that witness be subject to the penalties imposed by law for such nonappearance. The aforesaid felony hearing is hereby scheduled for May 8, 1975.
Settle order.