Arnold L. Fein, J.
This is a CPLR article 78 proceeding in the nature of mandamus to direct the District Attorney to conduct a preliminary hearing with respect to the crimes charged against the petitioner and in the nature of prohibition to stay the District Attorney from presenting evidence against petitioner to the Grand Jury until after a preliminary hearing is held.
On July 2, 1975, petitioner voluntarily surrendered himself to the, police and was charged with homicide and criminal possession of a dangerous weapon. On July 3, 1975, when he was arraigned in Manhattan Criminal Court, the case was adjourned for a preliminary hearing and- petitioner was released on his own recognizance. Communication between the defense attorney and the District Attorney’s office indicates that the District Attorney does not intend to go forward with a preliminary hearing, but rather intends to present the case to the Grand Jury.
In determining whether an article 78 proceeding lies to mandate a preliminary hearing and to prohibit presentation to the Grand Jury the questions are: (1) whether petitioner has a right to a preliminary hearing; and (2) whether the court has power to prevent the District Attorney from presenting evidence to a Grand Jury on the ground that a preliminary hearing must first be held.
An article 78 proceeding will not lie to review the exercise of discretion in criminal cases (Matter of Bloeth v Marks, 20 AD2d 372, lv to app den 15 NY2d 481; Matter of Russell v County Ct. of Chemung County, 40 AD2d 615; Matter of Ward v McQuillan, 40 AD2d 974; Matter of Wilson v Galluci, 32 AD2d 784). Mandamus will issue only where there is a clear showing of arbitrary and illegal action, without reasonable explanation or excuse (Matter of Butts, 37 AD2d 607). It is not available to entertain a collateral proceeding to review an error of law in a pending criminal action, however egregious and however unreviewable (Matter of State of N. Y. v King, 36 NY2d 59). As that case holds, mandamus or prohibition lies only where there is a clear legal right, or where the action *854 taken or threatened is clearly without jurisdiction or in excess of jurisdiction. Nonreviewability by way of appeal alone does not warrant such a collateral attack. The question therefore is whether defendant has a clear legal right to the relief requested.
Petitioner contends he has a constitutional and statutory right to a preliminary hearing. Although there are intimations that a contrary rule may be emerging (Coleman v Alabama, 399 US 1, 10, holding a preliminary hearing a "critical stage” of a criminal action; cf. People v Robinson, 77 Misc 2d 1081), the law is well settled in New York that there is no constitutional right to a preliminary hearing (People v Abbatiello, 30 AD2d 11; People v Carter, 73 Misc 2d 1040; People v Belmont, 48 Misc 2d 1057).
Although there is no constitutional right to a preliminary hearing, CPL article 180, directs such a hearing. As stated in People v Johnson (NYLJ, May 22, 1975, p 15, col 8, p 16, col 8): "It should also be observed that CPL Article 180 requires, except for exigent reasons, a preliminary hearing on a felony complaint within three days of arraignment * * * Article 180 prescribes no exception for homicide charges. The practice in this county is routinely to deny a preliminary hearing in all homicide cases.”
CPL 180.10 provides:
"2. The defendant has a right to a prompt hearing upon the issue of whether there is sufficient evidence to warrant the court in holding him for the action of the grand jury * * *
"4. The court must inform the defendant of all rights specified in subdivisions two and three. The court must accord the defendant opportunity to exercise such rights and must itself take such affirmative action as is necessary to effectuate them ” (emphasis added).
This statutory language appears to be mandatory. Moreover, CPL 180.60, prescribing the conduct of such a hearing, directs: "1. The district attorney must conduct such hearing on behalf of the people.” (Emphasis added.) There is similar mandatory language throughout CPL article 180. The elaborate scheme of the article indicates a legislative intention to require a prompt and full hearing unless waived by the defendant. There appears to be no room for the exercise of discretion.
However, CPL 190.55 (subd 2, par [c]) authorizes the District Attorney to submit to a Grand Jury "available evidence *855 concerning an offense prosecutable in the courts of the county”. This would appear to vest discretion in the District Attorney to proceed by presentation to the Grand Jury rather than by preliminary hearing. It is commonplace that many criminal prosecutions begin in this manner, by presentation to the Grand Jury and indictment prior to the arrest or surrender of the defendant.
Moreover, the failure to afford a defendant a preliminary hearing will not vitiate an indictment or a subsequent conviction, whether by plea or upon a trial (People v Tornetto, 16 NY2d 902; People ex rel. Hirschberg v Close, 1 NY2d 258; People v Abbatiello, supra; People v Carter, supra; People v Belmont, supra; People v Jackson, 48 Misc 2d 1026). As these and other cases hold, it is immaterial that the indictment was obtained after arraignment or while the preliminary hearing was pending. By implication, CPL 180.80 (subd 2) and CPL 190.50 (subd 5, par [a]) give recognition to the validity of such procedure.
CPL 180.80 (subd 2) provides that a defendant who has been held in custody on a felony complaint more than 72 hours without a disposition of the complaint, or the "commencement of a hearing thereon”, must be released on his own recognizance, unless in the interim he has been indicted by a Grand Jury or the Grand Jury has directed the filing of a prosecutor’s information against him. This petitioner has been released on his own recognizance. Thus, he has the benefit of all the relief he would have been entitled to had he been held in custody for 72 hours, without a preliminary hearing.
The courts have recognized the power of the District Attorney to present the evidence to the Grand Jury after arraignment, even in the absence of a preliminary hearing, or while it is pending. (People v Dillon, 197 NY 254; People ex rel. Lemon v Supreme Ct., 245 NY 24; People ex rel. Hirschberg v Close, supra; People v Abbatiello, supra.) Accordingly, prohibition will not lie against the District Attorney to preclude presentation to the Grand Jury.
Although a preliminary hearing may serve other purposes, i.e., (1) expose weaknesses in the prosecution’s case; (2) lay the groundwork for impeachment of prosecution’s witnesses at trial; (3) result in a plea; (4) demonstrate the futility of a motion to suppress; (5) provide discovery of the prosecution’s case; or (6) result in dismissal of the charges (see People v Robinson, 77 Mise 2d 1081, supra, and cases there cited), its *856 stated purpose is to determine whether there is probable cause to hold the defendant for the Grand Jury (CPL 180.10, subd 2).
As stated in People v Jackson (48 Misc 2d 1026, 1027, supra), the purpose of a preliminary hearing "is to safeguard a person charged with a felony against being improperly committed on the basis solely of some charging complaint or affidavit, requiring, unless it be waived, a hearing before a Magistrate to determine whether probable cause exists for holding him until the matter has been presented and passed upon by the Grand Jury.” As noted in Jackson, a Grand Jury indictment is to be based upon a finding of probable cause, thus serving the same purpose as a preliminary hearing, albeit a defendant’s rights to testify and have his witnesses testify before the Grand Jury are far more restrictive than the full panoply of rights afforded him on a preliminary hearing.
A defendant’s discovery rights are adequately provided for elsewhere in the statute (CPL art 240; see People v Robinson, supra, and cases there cited holding that discovery is not the function of a preliminary hearing).
If petitioner were being held in custody beyond the statutory period, without a preliminary hearing, habeas corpus would be the appropriate remedy to afford him a hearing and not an article 78 proceeding (People v Jackson, supra). Neither habeas corpus nor an article 78 proceeding is available where a defendant is released on bail (People v Butts, 37 AD2d 607, supra). A fortiori, where he has been released on his own recognizance.
Petitioner’s reliance on Matter of Feinstein (NYLJ, July 7, 1975, p 10, col 8) is misplaced. That case, granting mandamus against a criminal court Judge, holds only that the failure of a defendant to appear for a preliminary hearing, or his belated appearance, or his disruptive conduct during the hearing do not amount to a waiver of his right to a hearing. Such waiver can only be voluntarily, knowingly and intentionally made. Accordingly, the criminal court Judge, who construed such conduct as a waiver and denied a preliminary hearing, acted in excess of jurisdiction and failed to perform an act required by law, to wit, afford defendant a preliminary hearing. Mandamus to direct such hearing properly issued.
Here the criminal court Judge has not been made a party to this special proceeding. He has not been shown to have denied petitioner a preliminary hearing. Only the District Attorney *857 has been made a party and only his alleged intention not to proceed with the preliminary hearing is relied upon. In People v Heredia (81 Mise 2d 777), relied on by petitioner, the application was made by order to show cause in the criminal court to compel a preliminary hearing, which that court directed. There is no showing why an application to the criminal court Judge here will not be similarly treated. As Heredia notes, that Judge is not powerless to compel compliance with his order. Attention is invited to the caveat in People v Tornetto (16 NY2d 902, supra), where the Court of Appeals suggested compliance with the prior statute authorizing a preliminary hearing (see People v Belmont, 48 Misc 2d 1057, supra).
However, it is noted that even if a preliminary hearing is held and petitioner is discharged by the hearing court after such hearing, the District Attorney may still present evidence to the Grand Jury concerning this crime and this petitioner (People v Dillon, 197 NY 254, supra; People v Abbatiello, 30 AD2d 11, supra).
Since the statute authorizes the District Attorney to proceed either by preliminary hearing or by presentment to the Grand Jury, and there is no showing the criminal court Judge refused to afford petitioner a preliminary hearing, neither mandamus nor prohibition will lie.
Accordingly, the petition is dismissed.