Jack Mackston, J.
Defendants, each charged with: (1) possession of gambling records, a violation of section 225.20 qf *1078 the Penal Law; and (2) promoting gambling, a violation of section 225.10 of the Penal Law, demanded felony hearings, which were adjourned several times from September 23, 1975. On December 3, 1975, the court directed the People to be prepared to proceed December 12, 1975,
On the latter date, the Assistant District Attorney in charge advised that the defendants had been indicted and consequently felony hearings were not required. At that point, defendants sought to have the assistant cited for contempt pursuant to section 750 (subd A, par 3) of the Judiciary Law and section 210 of the Uniform City Court Act, for defying the court’s direction, willfully failing to proceed and intentionally depriving defendants of their rights.
In felony matters, the District Attorney is authorized to proceed, either by filing a felony complaint with the local criminal court (CPL 100.05), or presenting evidence to the Grand Jury (CPL 190.55, subd 2, par [c]). Where the matter is instituted by felony complaint, defendants have a clear statutory right to a prompt felony hearing (CPL 180.10, subd 2; People v Heredia, 81 Misc 2d 777). The District Attorney must conduct such hearing (CPL 180.60, subd 1), and the court is required to enforce defendants’ rights thereto (CPL 180.10, subd 4). However, the local court’s power to compel the People to proceed ends with an indictment (People v Jackson, 48 Misc 2d 1026).
The District Attorney’s right to present evidence to the Grand Jury is independent of defendant’s right to a felony hearing and failure to afford such hearing does not vitiate an indictment (People ex rel. Hirschberg v Close, 1 NY2d 258; People v Edwards, 19 Misc 2d 412; CPL 190.55, subd 2, par [c]). Nevertheless, short of the indictment, defendant’s right to a prompt felony hearing is certain (CPL 180.10, subds 2, 4).
The defendants allege that the District Attorney’s office has engaged in a strategic practice of delay, prior to indictment, so as to deprive them of their statutory right to a preliminary hearing. Others similarly situated have sought, without success, to compel the People to proceed by application for writs of mandamus and prohibition pursuant to CPLR article 78 (Matter of Friess, NYLJ, Sept 18, 1975, p 6, col 6).
It would appear a more appropriate practice, for one deprived of a felony hearing prior to indictment, would be to seek a criminal contempt citation against the Assistant District Attorney in charge for willfully frustrating the court’s *1079 efforts to assure a defendant’s right to such hearing (People v Heredia, supra; CPL 180.10, subd 4).
In considering the latter approach, it is imperative that the court’s order to proceed be unequivocable. In the present case the direction to the Assistant District Attorney was: "I’m going to request then that you be ready to proceed with felony hearing at 9:30 a.m. on the 12th of December, and if, for any reason you cannot, I want to know why and I want it documented and placed on the record.”
Such directive was not absolute and defendants’ indictment was a correct basis for not proceeding (People v Jackson, supra).
One seeking a contempt citation must establish the basis therefor beyond a reasonable doubt (Yorktown Cent. School Dist. v Yorktown Congress of Teachers, 42 AD2d 422). In the present matter, the evidence fails to establish a clear intent on the Assistant District Attorney’s part to defy the court’s request, and consequently, a criminal contempt citation will not issue.