OPINION OF THE COURT
David D. Egan, J.
Defendant has moved for an order pursuant to CPL 210.20, 210.35 and 190.50 dismissing the indictment on the grounds that defendant was not afforded the opportunity to testify at the Grand Jury proceeding resulting in this indictment.
While incarcerated in the Ontario County Jail, the defendant had reason to believe that the Monroe County District Attorney would be submitting matters to the Monroe County Grand Jury, over which Ontario County did not have jurisdiction. On February 14, 1985 defendant signed and forwarded, to the Monroe County District Attorney, a written notice making a request to appear before the Grand Jury and stating therein his address to which communications may be sent. The notice was stamped received by the District Attorney’s office on February 15, 1985 and complied with the requirements of CPL 190.50 (5) (a) governing such requests. The District Attorney did not serve upon the defendant, at the address specified by him, a notice that he will be heard by the Grand Jury at a given time and place as required by CPL 190.50 (5) (b). Thereafter sealed indictment dated February 22, 1985 was filed charging defendant with unlawful imprisonment in the first degree and menacing.
The People contend that, since no charges were filed or pending in any local court in Monroe County and the indictment was sealed, the provisions of CPL 190.50 (5) (a) do not oblige the *585 District Attorney to inform defendant of the Grand Jury proceeding and therefore defendant need not be allowed to testify. In brief the District Attorneys says, if defendant is not entitled to notice, then he is not entitled to testify. The court does not agree.
The statute is very specific and encourages testimony by prospective defendants under Grand Jury scrutiny.
The salient part of CPL 190.50 (5) states: “a person has a right to be a witness in a grand jury proceeding * * * (a) When a criminal charge against a person is being or is about to be or has been submitted to a grand jury, such person has a right to appear before such grand jury as a witness in his own behalf if, prior to the filing of an indictment * * * he serves upon the district attorney of the county a written notice making such request and stating an address to which communications may be sent * * * (b) Upon service upon the district attorney of a notice requesting appearance before a grand jury pursuant to paragraph (a), the district attorney must notify the foreman of the grand jury of such request, and must subsequently serve upon the applicant, at the address specified by him, a notice that he will be heard by the grand jury at a given time and place.”
The provision under CPL 190.50 (5) (a) which imposes a duty upon the District Attorney to notify a defendant who has been arraigned in a local criminal court upon a currently undisposed of felony complaint charging an offense which is a subject of the prospective or pending Grand Jury proceeding serves to enhance the right of a defendant to appear as a witness rather than restrict such right. (See, Bellacosa, Practice Commentary, McKinney’s Cons Laws of NY, Book 11 A, CPL 190.50, at pp 278-279; see also, People v Heredia, 81 Misc 2d 777, 783-784 [1975].) Where the defendant is not accorded an opportunity to appear before the Grand Jury as set forth in CPL 190.50 the Grand Jury proceeding is defective, the indictment is invalid and the indictment must be dismissed. (See, CPL 210.35 [4]; 210.20 [1] [c]; 190.50 [5] [c].)
Accordingly, defendant’s motion to dismiss the indictment is granted and the People are authorized to submit the charge or charges to the same or another Grand Jury.