## PEOPLE v. FREUND.

(Court of General Sessions, New York County. May, 1895.)

COURT OF GENERAL SESSIONS—POWERS OF RECORDER—ADVISING GRAND JURY.
    The recorder of the court of general sessions of New York City has authority, pending examination before him, as magistrate, of a person charged with a criminal offense, to advise the grand jury not to entertain a charge against such person until the termination of such examination.

Maurice V. Freund was arrested for a criminal offense on a warrant of the recorder, acting as magistrate; and, pending examination before him, a charge against the defendant was submitted to the grand jury by the district attorney, and defendant's counsel moved the recorder to advise the grand jury not to examine any charge against defendant while the examination was pending before him. Granted.

John R. Fellows, Dist. Atty., and John N. Lewis, Asst. Dist. Atty., for the People.

Maurice Meyer and Abraham Levy, for defendant.

GOFF, R. I give the expression of opinion as recorder of this court, based upon knowledge derived while sitting here as recorder and acting in the capacity of magistrate in issuing warrants, and also as a magistrate on the arraignment of the accused, that in the interest of justice to the defendant, as well as to the people, in my opinion it would be improper to submit any question to the grand jury until after the examination. In view of the statement of the district attorney, I am inclined to believe that the interests of justice will be subserved by increasing the defendant's bail to $5,000. Does the district attorney see fit now to assure the court that the office will act upon the suggestion of the court?

The court disagrees with the learned district attorney in the proposition that he has no power. The court will exercise the power that it believes it is invested with to see that oppression or injustice is not meted out to any one. If the learned district attorney acts upon the suggestion I am making, I will require the defendant to furnish additional bail in the sum of $5,000, and I repeat my suggestion that no matter relating to the offense charged against this defendant be submitted to the grand jury until after the examination before the recorder as magistrate. If the district attorney does not see proper, in the exercise of his official discretion, to act upon that suggestion, you prepare a proper affidavit, and submit it to me this afternoon, and I will take such action as I think proper. I wish the district attorney to understand the position of the court on

this question of power. Ordinarily, the position of the district attorney is correct; but in the exercise of the discretion invested in the court, as being adviser in the first place of the grand jury, while the district attorney is the legal adviser, yet the court, of which the grand jury is a constituent part, is primarily the adviser of the grand jury; and in the interests of justice, and if it appears to the court that probable oppression would result from the action of the grand jury, the court, acting as a part of that institution, can advise the grand jury in any given case, and the court will assume that power to advise the grand jury in this case.