(26 Misc. Rep. 589.)

### PEOPLE v. MOLINEUX.

(Court of General Sessions, New York County. March, 1899.)

1. GRAND JURY—CONTROL BY COURTS.

 Cr. Code, § 252, provides that the grand jury shall inquire into all crimes committed or triable in the county, and present them to the court. Section 260 provides that the grand jury must inquire into the case of every person imprisoned in the jail of the county on a criminal charge, and not indicted. *Held*, that the grand jury cannot be restrained from inquiring into a crime committed in the county, though the coroner has held an examination, and, sitting as a magistrate, committed the accused to prison pending an examination.

**2. SAME—DISTRICT ATTORNEY.**

The district attorney will not be ordered not to submit a charge of crime to the grand jury, nor will the grand jury be directed not to act on any charge against the accused, because the coroner has acted on the verdict, in the examination before him, by committing the accused to prison pending a future examination, where there is no fact alleged to warrant the assumption that the examination will not be proceeded with, or that the charge will be presented to the grand jury in advance thereof, or that the accused will be unjustly harassed by any contemplated action of the grand jury.

Roland B. Molineux was accused of murder in the first degree. Motion for an order to show cause. Denied.

Bartow S. Weeks and George Gordon Battle, for the motion.
Asa Bird Gardiner, Dist. Atty., for the People.

GOFF, R. This is an application for an order that the district attorney show cause "why an order should not be made advising and directing the grand jury of the city and county of New York to defer any action upon, or consideration of, the said charge of murder in the first degree against the said Roland B. Molineux," and for a further order that until the decision of the application the district attorney be "directed and advised not to submit the said charge of murder in the first degree against the said Roland B. Molineux to the grand jury, and that the grand jury be advised and directed not to act upon or to consider the said charge against the said Roland B. Molineux." The affidavit on which the application is made sets forth, in substance, that an inquiry was instituted before a coroner and a jury into the cause of death of one Katherine J. Adams; that it was concluded on February 27, 1899, and a verdict returned by the jury that, "We find that the said Katherine J. Adams came to her death on December 28, 1898, at No. 61 West Eighty-Sixth street, by poisoning by mercuric cyanide administered by Henry S. Cornish, to whom said poison had been sent in bromoseltzer, in the mails, by Roland B. Molineux;" and that the coroner thereupon, sitting as a magistrate, held Molineux upon the charge of murder, and committed him to prison pending an examination, which was set for the 1st of March, 1899. There are other matters set forth in the affidavit, which are not necessary to a determination of this application.

The first question raised is, has the defendant a right to restrain the grand jury from inquiring into the charge against him? Section 252 of the Criminal Code provides that "the grand jury has power and it is their duty to inquire into all crimes committed or triable in the county and to present them to the court." Section 260 provides that "the grand jury must inquire into the case of every person imprisoned in the jail of the county, on a criminal charge, and not indicted." It will be observed, from these sections of the statute, that the duty of inquiring into a charge of crime, under the conditions presented, is imperative. It is well established by authority and ancient custom that the grand inquest may at any time inquire into a crime which has been committed in the county, and, if definite action be taken by indictment, every in-

ferior tribunal is immediately ousted of jurisdiction, and it makes no difference whether the inferior tribunal has acquired jurisdiction of the case.

The second question raised is, will the defendant be prejudiced by the grand jury's inquiry pending his examination before the coroner? In this relation, the case of People v. Freund (Gen. Sess.) 33 N. Y. Supp. 612, is cited. The cases are dissimilar. In the Freund Case a judge of this court was sitting as a magistrate. The district attorney had elected to proceed against the defendant by information. During the examination, and while the testimony was being taken, the district attorney announced that he would present the matter to the grand jury, then in session. The judge then ruled that such a course, under the then existing circumstances, would savor of oppression, and that, to prevent it, he would advise the grand jury not to consider the charge against Freund until the examination then in progress was completed. There was no expression that the grand jury had not the legal power to inquire. All that was said or intended was that the grand jury would be advised and cautioned against allowing its powers to be used by the district attorney, where it was apparent that oppression and hardship would result to the defendant. In this case the coroner, after a lengthy inquiry, has acted on the verdict, as on an information filed. The examination has not commenced, and there is no tangible fact alleged before me which would warrant the assumption that the examination will not be proceeded with, or that the charge will be presented to the grand jury in advance. Neither does it appear that the defendant will be unjustly oppressed or harassed by any contemplated action by the grand jury. In a case of such importance the public prosecutor, upon whom rests the responsibility, should be untrammeled in the exercise of his legal rights, and in the conduct of a prosecution which, when consonant with law, he considers best calculated to serve the public interests.

Motion denied.