Thomas Dickens, J.
In these moving papers, defendant contends that the judgment of conviction entered upon his plea of guilty to the charge of robbery in the third degree, is invalid as being, in effect, violative of his constitutional right to due process, and for this reason should be vacated.
He rests this contention of unconstitutionality upon the theory that when the District Attorney presented the case against him to the Grand Jury in the first instance, instead of having him arraigned before a Magistrate for a preliminary hearing in compliance with section 188 of the Code of Criminal Procedure, his fundamental right to a fair trial was violated. Not only that, but by proceeding in this fashion, the District Attorney and the Police Department, he further contends, perpetrated thereby an act of fraud upon the court.
Because he attacks the validity of the judgment for a constitutional reason, defendant maintains that this motion, sounded in coram nobis, is the proper remedy for the relief he seeks.
Inasmuch as defendant’s attorney sets forth the issue in the form of a constitutional question for determination, I shall give the merits of the application consideration in extenso, despite the fact that principles of hornbook law, which manifestly apply here, make the solution of this odd issue a simple one.
Under sections 207 and 208 of the Code of Criminal Procedure, the function of a Magistrate is not to resolve the guilt or the innocence of an accused charged with the commission of a crime, but solely to determine by means of a preliminary examination whether a crime had been committed and whether the accused had been connected with it. (Armstrong v. Mishkin, 286 App. Div. 864; People v. Harris, 132 Misc. 391; People v. Steiger, 154 Misc. 538; People v. Altero, 119 Misc. 339; Cohen v. Bruere, 96 Misc. 609, affd. 179 App. Div. 884; Matter of Capshaw, 258 App. Div. 470, motion for leave to appeal denied 258 App. Div. 1053.) At the conclusion of the examination, he has the power to hold a defendant to answer for the action of the Grand Jury when he finds the evidence to be sufficient, prima facie, to cause him to believe that such defendant should be held for commitment. (People ex rel. Willett v. Quinn, 150 App. Div. 813; People ex rel. Renkas v. Pearsall, 59 N. Y. S. 2d 616.)
A Magistrate’s proceeding, however, is distinct from a Grand Jury’s inquiry. (People ex rel. Hirschberg v. Close, 1 N Y 2d 258, 260 [bottom].) A preliminary examination before a Magis *414 trate is not necessary in order to indict, for accusations of crime may, in the first instance, be presented to a Grand Jury for deliberation. (People ex rel. Kawiecki v. Carhart, 170 Misc. 894; People v. Joslin, 129 Misc. 790.) A Grand Jury is at no time divested of its statutory prerogative to investigate, even on its own initiative, all offences, whether they be felonies or misdemeanors, and whether a preliminary hearing had been held before a Magistrate. (People ex rel. Reis v. Warden of Bronx County Jail, 150 Misc. 801, affd. 239 App. Div. 891, motion for leave to appeal denied 240 App. Div. 761; Matter of Manning v. Valente, 272 App. Div. 358, 363 [middle], affd. 297 N. Y. 681; People v. Diamond, 72 App. Div. 281, affd. 175 N. Y. 517.) If definite action be taken -by indictment, every inferior tribunal is immediately ousted of jurisdiction, and it makes no difference whether the inferior tribunal had acquired jurisdiction of the case. (People v. Molineux, 26 Misc. 589, 590 [middle]; People v. Steiger, supra; People v. Molineux, 14 N. Y. Cr. Rep. 136.) To summarize: “ the Grand Jury had power to investigate and indict regardless of what had .occurred before the magistrate and regardless of whether the magistrate had held or discharged the prisoner or still had the matter pending, or of whether there had ever been such a preliminary hearing.” (People ex rel. Hirschberg v. Close, supra, p. 261 [top].)
Besides, it lies within the province of the District Attorney to chart the course of a prosecution. He could decide on having a preliminary examination conducted by a Magistrate or on having the facts presented directly to a Grand Jury. (People ex rel. Willett v. Quinn, supra.)
The foregoing authorities clearly demonstrate that the courts are not favorably disposed towards defendant’s singular position. Obviously then, no constitutional right of defendant had been invaded by reason of the procedure initially used by the District Attorney and by the Police Department in the prosecution of this action.
The foregoing authorities also clearly demonstrate that the subject-matter of the issue involves a pure question of law, which, as a cause, is not. available in a coram nobis proceeding. See Eli Frank, Coram Nobis (Cum. Supp., p. 18), wherein the case of People v. Phelps (N. Y. L. J., Jan. 29, 1954, p. 8, col. 2) is cited with a brief commentary holding that the failure to provide a preliminary hearing is no ground for invoking this sort of remedy, and wherein also the ease of People v. Tarver (N. Y. L. J., June 30, 1953, p. 2156, col. 2) is cited but without commentary.
*415 It follows from what has been said that the charge of fraud, apparently stemming from a misconception of the law, is without merit. (Cf. People v. Neeley, 4 A D 2d 1019; People v. Rodriguez, 13 Misc 2d 1004.)
The motion is denied.
The District Attorney is directed to enter an order in conformance with the decision herein and to forward a certified copy to defendant and to his attorney.