J. Irwin Shapiro, J.
This is an application by the defendants 1 ‘ for an order granting the defendants an inspection of the minutes of the Grand Jury, or in the alternative, that this Court inspect the Grand Jury minutes and upon such inspection dismiss the indictment on the grounds that said indictment was based upon evidence which was insufficient in law, and for a further order dismissing the indictment herein on the grounds that defendants were unreasonably deprived of their right to a preliminary hearing in the Criminal Court of the City of New York”.
The defendants are charged by the Grand Jury with operating a policy business (first count), with violating section 974 of the Penal Law (second count), and with the possession of policy slips (third count).
It appears from the moving affidavit, that after the defendants had been arrested and arraigned in the Criminal Court of the City of New York and a date had been set for a hearing, a direct submission ivas made to the Grand Jury which returned the present indictment. As a result thereof the defendants were deprived of a preliminary hearing and they now “raise the question of whether, following proceedings in the Criminal Court, the District Attorney can make a direct submission to the Grand Jury, thereby terminating the criminal court proceeding and thus denying the defendants’ right to a preliminary hearing ”, It is urged “ that once the lower court proceedings are commenced, and the defendant is publicly exposed to all of the distasteful aspects of a criminal charge against him, he should immediately have the opportunity to be as fully informed as is possible as to the nature of the accusations against him ’ ’ and that “ once the prosecuting authorities have elected to submit a defendant to hearing the extra burden of first appearing in the lower court, it is the duty of those authorities to grant to the defendant the benefit of every .statutory and constitutional safeguard which is available in the lower court. ’ ’
A defendant has no constitutional right to confrontation and cross-examination by way of a preliminary hearing, and an indictment returned in the absence of such a hearing is valid (Goldsby v. United States, 160 U. S. 70).
In Green v. Bomar (329 F. 2d 796, 797) the court put it succinctly when it said: “ Assuming the appellant was not given a preliminary hearing, his constitutional rights were not violated. This does not constitute a, denial of due process of l^v- A cripa *1059 inal case may be taken directly before the grand jury and an indictment returned by that body on testimony of witnesses. The appellant misconstrues the phrase “ to be confronted with the witnesses against him,” as used in the Sixth Amendment to the Constitution of the United States. The language of the Amendment is, ‘ In all criminal prosecutions, the accused shall enjoy the right * * * to be confronted with the witnesses against him, * * *.’ (Emphasis added.) In this case the appellant was prosecuted at a trial in which he was convicted by the testimony of witnesses who testified against him in open court and in his presence. ‘ The contention at bar, that because there had been no preliminary examination of the accused, he was thereby deprived of his constitutional guarantee to be confronted by the witnesses, by mere statement, demonstrates its error.’ Goldsby v. United States, 160 U. S. 70, 73 * * *. See also McDonald v. Hudspeth, 129 F. 2d 196, 199 * * * cert. den. 317 U. S. 665 * * #; Moore v. Aderhold, 108 F. 2d 729, 731”.
It is contended, however, that those cases are distinguishable because there is a statute in New York which specifically grants to a defendant the right to confront witnesses and cross-examine them at a preliminary hearing (Code Crim. Pro., §§ 188 to 221-b). The short answer to that contention is found in People v. Tornetto (16 N Y 2d 902) citing People ex rel. Hirschberg v. Close (1 N Y 2d 258, 261) where the court said: “ Under section 6 of article I of the New York State Constitution and sections 252 and 259 of the Code of Criminal Procedure, the Grand Jury had power to investigate and indict regardless of what had occurred before the magistrate and regardless of whether the magistrate had held or discharged the prisoner or still had the matter pending, or of whether there had ever been such a preliminary hearing ”. (Emphasis supplied.)
When a District Attorney elects to make a direct submission to a Grand Jury, even though the matter is pending in the Criminal Court of the City of New York, the exercise of such discretion may not be interfered with by the court, for the latter “ does not have the power to substitute its judgment for that of the District Attorney” (cf. Matter of Hassan v. Magistrates’ Ct., 20 Misc 2d 509, 515).
Matter of Rinaldi v. County Ct. (46 Misc 2d 525) cited by the defendants in their (p. 527) memorandum does not sustain their contention. The language quoted by them to the effect ‘1 that the defendant was entitled to the preliminary examination on the assault charge, prior to its dismissal, even though, while the examination was pending, an indictment might have been *1060 brought in on the assault charge ” is clarified and explained later in the opinion where the court said that (p. 527): “ However, once the charge of assault before the Magistrate was dismissed, he was ousted from further jurisdiction and the right to an examination no longer existed ’ ’. .
Recognizing that there is no direct authority for the proposition of law which they advance, and that all of the precedents are against them, the defendants urge that this court newly determine, in the interest of what they call justice and fair play, that once a prosecution has been instituted in the Criminal Court of the City of New York a defendant has an absolute right to a preliminary hearing (unless waived), and that a direct submission of the facts to a Grand Jury while such preliminary proceeding is pending, without affording a defendant a hearing, is violative of his constitutional and statutory rights. While it is a Judge of original jurisdiction who in many instances vitalizes, and even revolutionizes, the law by taking the first step away from hoary, but outmoded precedents, such a departure from existing precedents may not here be invoked. One must, of course, whole-heartedly agree with the statement of the immortal Oliver Wendell Holmes who said: “ It is revolting to have no ■better reason for a rule of law than that it was laid down at the time of Henry IV ” but a ruling directly on the point at issue, made by the Court of Appeals in 1956 (People ex rel. Hirschberg v. Close, 1 N Y 2d 258, supra), hardly bears such a stamp of antiquity.
Under the circumstances, that portion of the application which seeks a dismissal of the indictment on the ground “ that defendants were unreasonably deprived of their right to a preliminary hearing in the Criminal Court of the City of New York” is denied.
That brings us to the branch of the motion seeking an inspection of the Grand Jury minutes, or in the alternative for a dismissal of the indictment, based upon their alleged insufficiency. The facts before the Grand Jury, if believed and credited by a petit jury, would clearly make out the crimes charged against these defendants. The defendant, Vincent Belmont, is claimed actually to have been seen removing from Ms pocket and throwing to the ground a package of envelopes which upon examination contained 39 slips bearing approximately 15,650 plays of mutuel race horse policy.
There is also alleged to have been found in the home of Peter Belmoiit, pursuant to a search warrant, 24 additional envelopes containing 165 slips bearing 24,650 mutuel race horse policy plays and 6 banker statements. The facts here enumerated. *1061 together with the observations of other activities of the defendants as set forth in detail in the Grand Jury minutes, warrant the indictment found against them. The motion of defendants is in all respects denied.