Albert H. Buschmann, J.
Defendant has been indicted and charged with two counts of assault in the third degree. The indictment came about pursuant to the authority vested in a Deputy Attorney-General who was appointed by the Attorney-General to act in connection with requests for investigation and prosecution made by the State Commissioner of Social Services and the State Commissioner of Health under the Executive Law.
The said Deputy Attorney-General commenced a presentation to the Grand Jury of Queens County which on July 15, 1975 returned the aforesaid indictment against the defendant. *908 The defendant was arrested on July 17, 1975 and arraigned on that date before Mr. Justice Dubin who released the defendant on her own recognizance. On August 19, 1975, Mr. Justice Lerner, after an inspection of the Grand Jury minutes, denied defendant’s motion to dismiss the indictment, which motion was based on the ground that the minutes were insufficient to support the findings of the Grand Jury.
Now, the defendant brings on a new motion to dismiss the indictment in the interests of justice, contending that she has been deprived of her constitutional rights to due process and equal protection under the law because this indictment for the misdemeanor of assault, third degree, resulted from a direct presentment to the Grand Jury and subsequent arraignment in the Supreme Court, thereby bypassing any proceeding in a lower criminal court in which court defendant would otherwise have been eligible for an adjournment in contemplation of dismissal and a preliminary hearing. Defendant does not appear to dispute the authority of the Deputy Attorney-General to proceed in the manner in which he did under the provisions of CPL 190.55, but rather contends that the option selected by the Deputy Attorney-General was contrary to law in that the normal procedure within the Queens County detective division is that a defendant charged with a misdemeanor is properly brought before the lower criminal court so as not to unlawfully deprive a defendant of eligibility for an adjournment in contemplation of dismissal and a preliminary hearing.
It appears to the court that the defendant herein was not deprived of due process or equal protection of the law by the direct submission of her case to the Grand Jury. The overwhelming weight of authority is strongly indicative and supportive of the concept that the option as to the method of prosecution when alternatives are provided rests solely with the enforcement or prosecuting official and that the right to such an option may not be abridged by either the defendant or the court. "[T]he courts should not interfere with the discretion lodged in prosecuting officials such as a District Attorney or the Attorney-General to institute criminal proceedings” (Matter of Hassan v Magistrates’ Ct. of City of N. Y., 20 Misc 2d 509, 511). It lies within the province of the District Attorney to chart the course of a prosecution. He could decide on having a preliminary examination conducted by a magistrate *909 or having the facts presented directly to a Grand Jury (People ex rel. Willett v Quinn, 150 App Div 813).
Similarly, the courts have held repeatedly that it is within the power of a District Attorney to directly submit a case pending in a lower court to the Grand Jury, even though an indictment returned after such submission would divest the lower court of all jurisdiction of the matter and remove any procedural rights the defendant would have had therein. In People v Belmont (48 Misc 2d 1057, 1059), the court held: "When a District Attorney elects to make a direct submission to a Grand Jury, even though the matter is pending in the Criminal Court of the City of New York, the exercise of such discretion may not be interfered with by the court, for the latter 'does not have the power to substitute its judgment for that of the District Attorney’ (cf. Matter of Hassan v Magistrates’ Ct., 20 Misc 2d 509, 515).”
Therefore, defendant’s contention that she was deprived of her right to due process and equal protection of law by the option selected by the Attorney-General to present her case to a Grand Jury and proceed by way of indictment is without merit.
Neither was defendant deprived of due process of law by reason of the fact that her indictment precluded her from obtaining a preliminary hearing pursuant to CPL 170.75, or because she is not eligible after indictment for consideration for an adjournment in contemplation of dismissal pursuant to CPL 170.55.
The weight of authority in both the Federal and State courts appear to be uniform in holding that a defendant has no right under the United States Constitution or the Constitution of the State of New York to a preliminary hearing prior to indictment by a Grand Jury.
The purpose of a preliminary hearing in felony cases is to protect a person from being committed upon a mere affidavit and to determine whether probable cause exists to hold a person for Grand Jury action. In misdemeanor cases, the preliminary hearing has a lesser import that serves merely for the purpose of determining whether there is reasonable cause that the person charged committed the misdemeanor (CPL 170.75).
However, if there was a Grand Jury indictment prior to such a hearing, the purpose of the hearing has been obviated since a Grand Jury may indict only upon legal evidence *910 sufficient in its judgment to warrant a conviction by a trial jury. The concept of adequate safeguards to protect a person charged provides for preliminary hearings only in cases where a preliminary arrest has been made and there is no such provision when an indictment has been sought in the first instance as the judgment of the Grand Jury that a prima facie case has been presented performs the necessary safeguards required by the Constitution.
The courts of this State have repeatedly held that a defendant has no constitutional or statutory right to a preliminary hearing as a condition precedent to a valid indictment. (People v Tornetto, 16 NY2d 902; People ex rel. Hirschberg v Close, 1 NY2d 258; People v Abbatiello, 30 AD2d 11; People v Jackson, 48 Misc 2d 1026; People v Edwards, 19 Misc 2d 412.)
Defendant further contends that she has a constitutional right to be confronted by and cross-examine witnesses against her by way of a preliminary hearing, and that an indictment returned in the absence of such a hearing is invalid and is a denial of due process.
The rule in New York is that a defendant has no constitutional right to a preliminary hearing as would affect subsequent proceedings upon an indictment (People v Fields, 43 AD2d 649).
On this point the court finds that defendant’s contention is without merit in that the weight of authority appears to hold that the failure to grant the defendant a preliminary hearing is not violative of her constitutional rights. The precedents hold that a criminal case may be taken directly before a Grand Jury and returned by that body on testimony of witnesses.
Defendant’s further claim that the Grand Jury indictment precluded her from her constitutionally protected right to have her case considered for an adjournment in contemplation of dismissal under CPL 170.55 is also without merit. Eligibility for an adjournment in contemplation of dismissal under CPL 170.55 is not a vested right as it is always conditioned upon a consent to by the People. The consent by the People is consistantly conditioned upon the presentation of facts by the defendant that are conclusively supportive of the defendant’s contention that a further prosecution would result in a substantial injustice.
Accordingly, defendant’s motion to dismiss the indictment *911 as being without due process and in violation of equal protection of the law is denied.