*133 OPINION OF THE COURT
William J. Deeley, J.
Before the court is a motion to dismiss a one count indictment charging the defendant with robbery in the first degree.
Basically, the motion argues that the Grand Jury lacked the power to indict the defendant until such time as the remedies afforded the defendant by CPL 180.75 had been exhausted.
The defendant is charged pursuant to the Juvenile Justice Act of 1978 (L 1978, ch 481). He is charged as a juvenile offender with a designated felony which is not an armed felony. A "juvenile offender” is "(1) a person thirteen, fourteen or fiteen years old who is criminally responsible for acts constituting murder in the second degree as defined in section 125.25 of the penal law and (2) a person fourteen or fiteen years old who is criminally responsible for acts constituting the crimes defined in section 135.25 (kidnapping in the first degree); 150.20 (arson in the first degree); subdivisions one and two of section 120.10 (assault in the first degree); 125.20 (manslaughter in the first degree); subdivisions one and two of section 130.35 (rape in the first degree); subdivisions one and two of section 130.50 (sodomy in the first degree); 140.30 (burglary in the first degree); subdivision one of section 140.25 (burglary in the second degree); 150.15 (arson in the second degree); 160.15 (robbery in the first degree) or subdivision two of section 160.10 (robbery in the second degree) of the penal law; or defined in the penal law as an attempt to commit murder in the second degree or kidnapping in the first degree.” (CPL 1.20, subd 42.)
A designated felony is any of the crimes listed in the definition of juvenile offender.
An "armed felony” is "any violent felony offense defined in section 70.02 of the penal law that includes as an element either: (a) possession, being armed with or causing serious physical injury by means of a deadly weapon, if the weapon is a loaded weapon from which a shot, readily capable of producing death or other serious physical injury may be discharged; or (b) display of what appears to be a pistol, revolver,. rifle, shotgun, machine gun or other firearm.” (CPL 1.20, subd 41.)
As noted above, the crime charged in this indictment is not an armed felony. The defendant, Gamba Johnson, was 15 years old when arrested on December 6, 1978, and charged with a robbery that had occurred on December 3, 1978. The *134 defendant was arraigned in Criminal Court and the matter was set down for a felony hearing on December 11, 1978. The defendant and his attorney appeared on December 11 in the Criminal Court and on four separate calls of the calendar answered "ready for a hearing”. The case was not reached and was passed to the following day, December 12, at which time the defendant and his attorney again appeared. On December 11 an indictment was filed charging the defendant with the same crime.
The questions raised by the defense are two:
1. Does the language in CPL 180.75 (subds 2, 3) preclude a Grand Jury indictment until such time as the Criminal Court file has been forwarded to the superior court?
The specific language relied on is "until such papers are received by the superior court, the action is deemed to be still pending in the local criminal court” (CPL 180.75, subd 2); and,
2. Does the availability of a removal hearing to a juvenile offender charged with a designated felony which is not an armed felony and a possible removal of the case to the Family Court stay the prosecution from proceeding to the Grand Jury thereby denying jurisdiction to that body until such hearing, if requested, is held?
INDICTMENT DURING CRIMINAL COURT PROCEEDING
As to the defense’s first argument and his reliance on the language quoted above, CPL 180.75 applies to the case of a juvenile offender in lieu of CPL 180.30, 180.50, and 180.70, which sections apply to the treatment of an adult.
However, reference to CPL 180.70 (subd 1) reveals that where the local criminal court finds cause to hold the defendant for the action of the Grand Jury the. same language (until such papers are received by the superior court, the action is still deemed to be pending in the local court) is used. It has long been the rule that the prosecutor in a felony case has absolute discretion to pursue that case in the criminal court or by immediate presentment to the Grand Jury (Matter of Hassan v Magistrates’ Ct. of City of N. Y., 20 Misc 2d 509; People ex rel. Willett v Quinn, 150 App Div 813; People v McDonnell, 83 Misc 2d 907), and such discretion includes the Grand Jury presentment while the case is pending in criminal court (People v McDonnell, supra; People v Belmont, 48 Misc 2d 1057, 1059).
*135 The courts of this State have repeatedly held that a defendant has no constitutional or statutory right to a preliminary hearing as a condition precedent to a valid indictment. (People v McDonnell, supra; People v Tornetto, 16 NY2d 902; People ex rel. Hirschberg v Close, 1 NY2d 258; People v Abbatiello, 30 AD2d 11; People v Jackson, 48 Misc 2d 1026; People v Edwards, 19 Misc 2d 412.)
Since the language used in CPL 180.70 is the same as the language relied upon in the new statute (CPL 180.75), this court cannot find that such language conferred upon the criminal court any power to interfere with the discretion of the prosecutor in the case of a juvenile offender that the same language has been held not to confer in the case of an adult.
Therefore, the defendant’s first argument is without merit.
REMOVAL TO FAMILY COURT
The body of law collectively known as the Juvenile Justice Act provided that at any point in either the criminal court or superior court proceedings, the prosecution of a juvenile offender may be removed to the Family Court, usually with the consent or upon the recommendation of the District Attorney.
Mindful that we are not dealing here with a charge of murder in the second degree, or with an armed felony, removal of which would be subject to the conditions of CPL 180.75 (subd 4, par [b]), the indictment before us could be removed at the time of, or after a guilty plea (CPL 220.10), after a verdict of guilty, provided that it is not a finding of guilty of murder in the second degree (CPL 330.25), or at any other point prior to sentencing, provided in all the above cases that the prosecutor consents to or recommends such removal.
For a person in the class of this defendant, that is, a juvenile offender, charged with a designated felony which is not an armed felony, removal to the Family Court without either the consent or recommendation of the District Attorney is possible in only two cases. Where a presentment is made to the Grand Jury and the Grand Jury finds that the juvenile offender did an act, which if done by a person over 16 would constitute a crime, they may request that the case be referred to the Family Court, provided that (1) such act is one for which it may not indict, and (2) it does not indict such person for a crime and (3) the evidence before it is legally sufficient to *136 establish that such person did some act and competent and admissible evidence before it provides reasonable cause to believe that such person did such act (CPL 190.71, subd [b]).
This would amount to a finding by the Grand Jury that although the juvenile before them cannot be charged with the designated felony or felonies presented to them, the evidence gives them reasonable cause to believe that the juvenile did such other acts which would constitute crimes the jurisdiction of which rests in the Family Court.
The only other juncture at which a juvenile offender may seek removal to the Family Court occurs while he is in the jurisdiction of the Criminal Court at the arraignment or felony hearing stages of the proceeding. This is the only point where removal may occur, regardless of the fact that reasonable cause is found to believe that the juvenile committed a crime for which a person under the age of 16 is criminally responsible, and without either the consent or recommendation of the District Attorney. Removal in this case is defined by CPL 180.75 (subd 4, par [a]; subd 5) which provide that the court on motion of any party, or on its own motion, may order removal of an action to the Family Court if it is determined that to do so would be in the interests of justice and that for the purpose of making a determination the court may make such inquiry as it deems necessary. It is this inquiry and its determination that the defendant urges was denied him on December 11, 1978 when he answered "ready for a hearing” on four occasions in the Criminal Court. The availability of removal at this point would require a finding by the court that even though the juvenile before it is properly chargeable with one of the crimes which would establish him as a juvenile offender that there is also sufficient reason in the interests of justice to treat him henceforth as a juvenile delinquent rather than a juvenile offender. The court would then order the defendant transferred from the jurisdiction of the adult criminal courts to the jurisdiction of the Family Court. The Family Court must then assume jurisdiction (CPL 725.10).
The question therefore before this court is, can a prosecutor, by a Grand Jury presentation, remove from the defendant the defendant’s only opportunity for removal to Family Court without the consent or recommendation of the District Attorney?
It would certainly appear that the defendant’s opportunity *137 for review and possible removal at this point is for the defendant the most critical stage of the entire criminal proceeding. It would also appear that denial of the opportunity for this review provided by Legislature at this critical stage of the proceeding would be an abridgment of the defendant’s right to due process of law under section 1 of the Fourteenth Amendment of the United States Constitution and section 6 of article I of the Constitution of the State of New York. It is the only point where such removal is possible and where the prosecution does not possess the power of absolute veto to such removal. Certainly his exposure for punishment is far less in the jurisdiction of the Family Court (Family Ct Act, § 753-a) than it would be in the jurisdiction of the adult criminal courts. This would undoubtedly be of prime concern to the defendant and the availability of this opportunity of removal afforded to the defendant by the Legislature should not be removed from the defendant if he seeks such review. It seems highly unlikely that the Legislature in affording this possible relief to the juvenile offender intended that such relief, or the opportunity of such relief could be vetoed by the prosecution by a presentment to the Grand Jury.
The Juvenile Justice Act pf 1978 as a body of law is the source of power of the Grand Jury to indict a person 13, 14 or 15 years of age as an adult (CPL 190.71, subd [a]) which reads as follows: "A grand jury may not indict (i) a person thirteen years of age for any conduct or crime other than conduct constituting a crime defined in section 125.25 (murder in the second degree); (ii) a person fourteen or fifteen years of age for any conduct or crime other than conduct constituting a crime defined in section 125.25 (murder in the second degree); 135.25 (kidnapping in the first degree); 150.20 (arson in the first degree); subdivisions one and two of section 120.10 (assault in the first degree); 125.20 (manslaughter in the first degree); subdivisions one and two of section 130.35 (rape in the first degree); subdivisions one and two of section 130.50 (sodomy in the first degree); 140.30 (burglary in the first degree); subdivision one of section 140.25 (burglary in the second degree); 150.15 (arson in the second degree); 160.15 (robbery in the first degree); or subdivision two of section 160.10 (robbery in the second degree) of the penal law; or defined in the penal law as an attempt to commit murder in the second degree or kidnapping in the first degree.”
The court takes note that the language empowering the *138 Grand Jury to indict a 13, 14, or 15 year old is the same language that the Legislature used to define the term "juvenile offender”. Harkening back to first-year logic, we may then conclude that the Legislature has empowered the Grand Jury to indict juvenile offenders.
The Criminal Court removal inquiry described in CPL 180.75 (subd 4, par [a]) is in essence an opportunity for the juvenile offender to be found to be a juvenile delinquent. The Legislature in the same body of law as we have been discussing has redefined and expanded the definition of juvenile delinquent (Family Ct Act, § 712, subd [a]). The new definition is as follows: " 'Juvenile delinquent’. A person over seven and less than sixteen years of age who, having done an act that would constitute a crime, (i) is not criminally responsible for such conduct by reason of infancy, or (ii) is the defendant in an action ordered removed from a criminal court to the family court pursuant to article [725] of the criminal procedure law.”
There is no power in the Grand Jury to indict a juvenile delinquent. Therefore, where a juvenile offender of the same class as the defendant pursues,. requests, or motions for a removal inquiry pursuant to CPL 180.75 (subd 4, par [a]), which inquiry holds out for the juvenile offender the possibility of being found to be a juvenile delinquent not subject to indictment by the Grand Jury, the prosecution should be stayed from presenting such indictment until such removal inquiry has been held and a determination made, before which time the Grand Jury could not properly have jurisdiction.
Since the indictment in this case was apparently presented and filed while the defendant and his attorney were in the Criminal Court actively seeking the removal inquiry, it would appear that the indictment was presented and filed in contravention of the clear intent of the Legislature to afford defendant such removal inquiry, regardless of the consent or recommendation of the prosecutor. Since this is the only point in the entire criminal prosecution that the juvenile offender could seek and receive removal without the consent or recommendation of the prosecutor, it could not have been intended by the Legislature that the prosecutor could abort the removal proceeding by way of presentation to the Grand Jury. It therefore follows that when this matter was presented to the Grand Jury and when the indictment was filed on December 11, jurisdiction had not yet been conferred upon the Grand *139 Jury (CPL 210.20, subd 1, par [h]) and such indictment is defective (CPL 210.35, subd 5).
This indictment is therefore dismissed. The defendant may, of course, be rearrested and placed in the jurisdiction of the Criminal Court until his remedies under CPL 180.75 have been exhausted.