OPINION OF THE COURT
Gerald Beldock, J.
Defendant has moved to dismiss the indictment on the grounds that the instructions given by the District Attorney to the Grand Jury impaired the integrity thereof to the prejudice of the defendant (CPL 210.35, subd 5) in failing to instruct them that they could request that the case be removed to Family Court (CPL 190.71, subd [b]).
Defendant, 15 years old, has been indicted for the crime of sodomy, first degree. It is alleged that on or about January 5, 1979, defendant forced a female, age nine, to the roof of a building, located in Kings County, by threatening her with a knife. It is further alleged that while on the roof, defendant ordered complainant to undress, while defendant removed his pants. Thereupon, the People claim, defendant sodomized complainant.
On January 10, 1979, defendant was arrested and arraigned *737 as a juvenile offender. On January 12, 1979, a preliminary hearing as well as a removal hearing was conducted in Criminal Court. Removal to Family Court was denied by Judge Douglas, and defendant was ordered held for the Grand Jury. On February 23, 1979 defendant was indicted, and arraigned on the indictment on March 12, 1979.
The People concede that the District Attorney did not instruct the Grand Jury that it had the authority to request removal to the Family Court even if it found that defendant committed a crime outlined in CPL 190.71 (subd [a]), provided that it did not indict such defendant for a crime. CPL 190.71 (subd [b]) reads as follows: "A grand jury may vote to file a request to remove a charge to the family court if it finds that a person thirteen, fourteen or fifteen years of age did an act which, if done by a person over the age of sixteen, would constitute a crime provided (1) such act is one for which it may not indict; (2) it does not indict such person for a crime; and (3) the evidence before it is legally sufficient to establish that such person did such act and competent and admissible evidence before it provides reasonable cause to believe that such person did such act.”
The issue facing this court is when may the Grand Jury request removal of an accused juvenile offender to the Family Court; the resolution of which requires a determination of whether the requirements of CPL 190.71 (subd [b], par [1]) and 190.71 (subd [b], par [2]) are conjunctive or disjunctive.
In Matter of Vega v Bell (47 NY2d 543) defendant moved after indictment in the Supreme Court for an order transferring the action back to Criminal Court for resolution of his removal motion (to remove the case to the Family Court). The motion was denied, and defendant sought a writ of prohibition in the Appellate Division on the grounds that "the Grand Jury lacked the power to indict him unless the local criminal court first provided him a hearing on his removal motion.” (47 NY2d 543, 546, supra.) The Appellate Division granted the writ of prohibition. In reversing the Appellate Division, the court stressed the fact that "the statutory scheme * * * [provides] the power to remove an accused juvenile offender to Family Court in the interest of justice and over the objections of the prosecutor to a superior criminal court following Grand Jury indictment, as well as to local criminal courts at arraignment.” (Matter of Vega v Bell, supra, p 552.) Thus, the court held that both the Criminal Court and the superior criminal *738 court have the power to remove an accused juvenile offender to Family Court.*
The court further held "that the failure to provide petitioner with a removal hearing at the local criminal court did not deprive the Grand Jury of the power to indict him. Hence, there exists no jurisdictional bar to the continuation of his prosecution”. (Matter of Vega v Bell, supra, p 553.) Nonetheless, the defendant argues it is a jurisdictional defect, if the District Attorney fails to instruct the Grand Jury that it may request the court to remove the matter to Family Court, even though it finds that defendant did an indictable act.
In People v Johnson (99 Misc 2d 132, 134) in dicta, the court while discussing CPL 190.71 (subd [b]) adds an "and” between paragraphs (1) and (2). Apparently the court felt that the statute was to be read in the conjunctive.
The court, in attempting to find the legislative intent has requested the legislative jacket for chapters 478 and 481 of the Laws of 1978. However, an examination thereof does not disclose the legislative intent. Nor does McKinney’s Consolidated Laws of New York Annotated, CPL (Book 11 A, 1978-1979 Pocket Part, p 95) make any mention of this problem.
Analysis of other sections of the CPL authorizing removal is instructive. In each section (CPL 180.75, subd 4; 220.10, subd 5, par [h], cl [iii]; 310.85, 330.25, subd 3) a guideline (interest of justice or mitigating circumstances) is given for removal. No such guideline can be found in CPL 190.71. To adopt a disjunctive reading of that statute would permit removal by the Grand Jury to the Family Court based upon conjecture, whim, and capriciousness. The court cannot accept such a legislative intent.
The court further notes that the Legislature at its last session had before it a bill which would authorize the Grand Jury to request removal of juvenile offenders to Family Court in the interest of justice even though they found that a juvenile did an act for which they may indict. In passing the new legislation (L 1979, ch 411), the Legislature did modify *739 CPL 190.71 (subd [a]), but did not amend CPL 190.71 (subd [b]) to include such a provision.
The court, therefore, feels that the statute is to be read conjunctively, and that the only authority for the Grand Jury to vote to file a request for removal is where a juvenile has committed an act for which they may not indict, and do not indict such juvenile for any other crime, and the Grand Jury finds the evidence before it legally sufficient to establish that such person did such act and competent evidence before it provides reasonable cause to believe such person did such act. Under the circumstances of this case, there was no obligation on the District Attorney to charge as requested by defendant, and the failure to so charge is not a jurisdictional defect (Matter of Vega v Bell, supra).
Defendant’s motion to dismiss the indictment on the grounds of the insufficiency of the instruction is denied.

 In Matter of Vega v Bell, the court on July 9, 1979, substituted in its opinion, and amended footnote 2 to read as follows: "We note the adoption on July 7, 1979 of legislation which will clarify this situation somewhat by removing from local criminal courts the power to remove to Family Court in the interests of justice over the objection of the District Attorney, and instead specifically providing only superior criminal courts with that power (L 1979, ch 411).”