OPINION OF THE COURT
William C. Brennan, J.
This is a motion brought on by the defendant Edward Galak seeking the following relief: (1) an order dismissing the indictment with the direction that a preliminary hearing be held in criminal court prior to any re-presentment to the Grand Jury; or (2) an order directing that a preliminary hearing be held in Supreme Court prior to any further proceedings in connection with this indictment.
Defendants Herminio Diaz and Martin Galak, Jr., have joined in the instant motion relying on the allegations and arguments set forth in Edward Galak’s affirmation and are therefore bound thereby.
*720 All three defendants are presently before this court having been indicted on March 29, 1982 and charged with criminal possession of stolen property in the first degree.
A review of the court files provides the following sequence of events leading up to that indictment:
Defendants Edward Galak and Herminio Diaz were arrested with criminal possession of stolen property in the first degree (Penal Law, § 165.50). On the same date they were both arraigned and released on their own recognizance.
At arraignment each defendant, represented by his own counsel, was served notices pursuant to CPL 190.50 (subd 5, par [a]) and 250.20 and “waived the requirement that he be informed pursuant to section 180.10 of the CPL.”
On February 3,1982 the charge was reduced to a misdemeanor (Penal Law, § 165.40) and the defendants were arraigned on the new charge. Defendants were then provided open file discovery by the People and the matter was adjourned for trial at defendants’ request to February 26, 1982, Part 3.
On February 26, 1982 Galak’s attorney was engaged in Supreme Court and the matter was adjourned to March 9, 1982.
On March 9, 1982 the case was referred to Jury Part II for jury trial and adjourned to March 17, 1982.
On March 17, 1982 the defendants were ready for trial but the court was on trial and set March 23, 1982 as the new trial date.
On March 23, 1982 the People requested an adjournment. The case was marked “Final v. People” and adjourned to April 14, 1982. In the space captioned “Reason for Adjournment” the court made the following entry: “Note People presenting case to Grand Jury.”
Said indictment being filed on March 29, 1982 the matter was transferred to the Supreme Court on March 30, 1982. The defendants continued to be released on their own recognizance after each court appearance.
As to the defendant Martin Galak, Jr., the events leading up to his indictment differ from those heretofore set forth for his codefendants.
*721 Martin Galak, Jr., was arrested on January 7,1982 and charged with criminal possession of stolen property in the first degree (Penal Law, § 165.50). He was arraigned on January 8, 1982; served notice pursuant to CPL 190.50 (subd 5, par [a]); and released on his own recognizance. Like Edward Galak and Herminio Diaz, Martin Galak was also represented by counsel at arraignment and each subsequent court appearance.
On January 20,1982, Part 1C, the matter was adjourned to February 11, 1982 and charged to the People.
On February 11, 1982 the matter was adjourned to February 26, 1982 because defense counsel was engaged.
On February 26, 1982 the case was referred forthwith to Part 3. In Part 3 the case was adjourned by the court to March 9, 1982 noting under “Reason for Adjournment” — “with another case with co-defendants.”
On March 9,1982 the People requested an adjournment, the court noting that the “People to present case to Grand Jury.”
Again on March 19, 1982 the People requested an adjournment and the court again noted “People to present case to Grand Jury”. The matter was adjourned to April 6, 1982. In the interim (March 29, 1982) the instant indictment was filed and the matter transferred to Supreme Court on March 30, 1982.
At issue here is whether each of these defendants was denied his right to a preliminary hearing prior to being indicted.
Specifically, defendant Edward Galak alleges the following: (1) On February 3, 1982 the People, on their own motion, reduced his charge to a misdemeanor[1] thereby depriving him of his right to a preliminary hearing for which he and his attorney were ready; (2) the case was subsequently adjourned on February 26, 1982, March 9, 1982, March 17, 1982 and March 23, 1982, “presumably because the People were angling to present it to the Grand Jury”; and (3) the conduct of the People “in doing me out of *722 a preliminary hearing * * * served to deny me the effective assistance of counsel guaranteed to an accused by the Sixth Amendment to the United States Counstitution.” For the reasons set forth below the court is compelled to reject the defendants’ arguments.
CPL 180.10 provides in pertinent part:
“1. Upon the defendant’s arraignment before a local criminal court upon a felony complaint, * * * the primary purpose of the proceedings upon such felony complaint is to determine whether the defendant is to be held for the action of a grand jury with respect to the charges contained therein * * *
“2. The defendant has a right to a prompt hearing upon the issue of whether there is sufficient evidence to warrant the court in holding him for the action of a grand jury, but he may waive such right * * *
“4. The court must inform the defendant of all rights specified in subdivisions two and three [right to aid of counsel]. The court must accord the defendant opportunity to exercise such rights and must itself take such affirmative action as is necessary to effectuate them.”
The prime function of a preliminary hearing is to determine whether there is reasonable cause to believe that the defendant committed a felony and, if so, to hold the defendant for the action of the Grand Jury (CPL 180.70; see People v Heredia, 81 Misc 2d 777).
As pointed out by the court in Matter of Friess v Morgenthau (86 Misc 2d 852, 855, 856): “Although a preliminary hearing may serve other purposes, i.e., (1) expose weaknesses in the prosecution’s case; (2) lay the groundwork for impeachment of prosecution’s witnesses at trial; (3) result in a plea; (4) demonstrate the futility of a motion to suppress; (5) provide-discovery of the prosecution’s case; or (6) result in dismissal of the charges * * *, its stated purpose is to determine whether there is probable cause to hold the defendant for the Grand Jury (CPL 180.10, subd 2).” (Emphasis supplied.)
While these “secondary” purposes may be achieved by way of such hearings, they may also be accomplished by other means. For example, in the instant matter, as noted *723 supra, the defendants Edward Galak and Diaz were provided with open file discovery. They are also entitled to obtain such information by way of omnibus motions (i.e., bill of particulars [CPL 100.45, 200.90]) and demand for discovery (CPL 240.20).
In People v Jackson (48 Misc 2d 1026) the court, confronted with the issue of whether a defendant, who did not waive his right to a preliminary hearing, had the right to demand it after indictment and prior to trial, stated (p 1027): “The answer depends upon the purpose of a preliminary hearing and whether or not such purpose is affected by the finding of an indictment. Its purpose is to safeguard a person charged with a felony against being improperly committed on the basis solely of some charging complaint or affidavit, requiring, unless it be waived, a hearing before a Magistrate to determine whether probable cause exists for holding him until the matter has been presented and passed upon by the Grand Jury. If, prior to such hearing, a Grand Jury indicts, that purpose has been accomplished, since a Grand Jury may indict only upon legal evidence sufficient in its judgment to warrant a conviction by a trial jury”.
It has been held that a defendant has no constitutional or statutory right to a preliminary hearing as a condition precedent to a valid indictment. (People v Tornetto, 16 NY2d 902; People ex rel. Hirschberg v Close, 1 NY2d 258; People v Abbatiello, 30 AD2d 11; People v Jackson, supra; People v Belmont, 48 Misc 2d 1057; People v Anderson, 45 AD2d 561; People v Carter, 73 Misc 2d 1040; People v McDonnell, 83 Misc 2d 907; Matter of Friess v Morgenthau, supra.)
Moreover, a defendant cannot bring an article 78 proceeding either (1) in the nature of a mandamus to direct the District Attorney to conduct a preliminary hearing with respect to the crimes charged against the defendant-petitioner; or (2) in the nature of prohibition to stay the District Attorney from presenting evidence against the defendant-petitioner to the Grand Jury until after a preliminary hearing is held. (Matter of Friess v Morgenthau, supra; People v Heredia, supra.) “An article 78 proceeding will not lie to review the exercise of discretion in criminal *724 cases * * * Mandamus will issue only where there is a clear showing of arbitrary and illegal action, without reasonable explanation or excuse * * * It is not available to entertain a collateral proceeding to review an error of law in a pending criminal action, however egregious and however unreviewable * * * [M]andamus or prohibition lies only where there is a clear legal right, or where the action taken or threatened is clearly without jurisdiction or in excess of jurisdiction”. (Matter of Friess v Morgenthau, supra, at pp 853-854.)
In the case at bar the People did not act without jurisdiction or in excess of jurisdiction. “The District Attorney’s right to present evidence to the Grand Jury is independent of defendant’s right to a felony hearing and failure to afford such hearing does not vitiate an indictment”. (People v McDaniel, 86 Misc 2d 1077, 1078.)
Clearly, it is within the District Attorney’s sole discretion to proceed by way of . a preliminary hearing or to present evidence directly to a Grand Jury.
“The overwhelming weight of authority is strongly indicative and supportive of the concept that the option as to the method of prosecution when alternatives are provided rests solely with the enforcement or prosecuting official and that the right to such an option may not be abridged by either the defendant or the court. ‘[T]he courts should not interfere with the discretion lodged in prosecuting officials such as a District Attorney or the Attorney-General to institute criminal proceedings’ (Matter of Hassan v Magistrates’ Ct. of City of N. Y., 20 Misc 2d 509, 511). It lies within the province of the District Attorney to chart the course of a prosecution. He could decide on having a preliminary examination conducted by a magistrate or having the facts presented directly to a Grand Jury (People ex rel. Willett v Quinn, 150 App Div 813).
“Similarly, the courts have held repeatedly that it is within the power of a District Attorney to directly submit a case pending in a lower court to the Grand Jury, even though an indictment returned after such submission would divest the lower court of all jurisdiction of the matter and remove any procedural rights the defendant would have *725 had therein. In People v Belmont (48 Misc 2d 1057, 1059), the court held: ‘When a District Attorney elects to make a direct submission to a Grand Jury, even though the matter is pending in the Criminal Court of the City of New York, the exercise of such discretion may not be interfered with by the court, for the latter “does not have the power to substitute its judgment for that of the District Attorney” (cf. Matter of Hassan v Magistrates’ Ct., 20 Misc 2d 509, 515).’ ” (People v McDonnell, supra, at pp 908-909; emphasis supplied.)
Although CPL 180.10 appears to be mandatory, it must be reconciled with CPL 190.55 (subd 2, par [c]) which authorizes the District Attorney to submit to a Grand Jury “any available evidence concerning an offense prosecutable in the courts of the county”. “[I]t is immaterial that the indictment was obtained after arraignment or while the preliminary hearing was pending. By implication, CPL 180.80 (subd 2) and CPL 190.50 (subd 5, par [a]) give recognition to the validity of such procedure.” (Matter of Friess v Morgenthau, supra, at p 855; see People v Lohman, 49 AD2d 75; People v Herdia, supra.)
The court finds no merit to defendants’ (Edward Galak and Diaz) contention that they were deprived of their right to a preliminary hearing because the District Attorney reduced the charge to a misdemeanor. As hereinbefore stated, it is within the District Attorney’s province to chart the course of a prosecution (People v McDonnell, supra) and there is no requirement that the District Attorney obtain the defendants’ consent, or the court’s to reduce the charge from.a felony to a misdemeanor. To the contrary, in fact, the criminal court may not make inquiry for the purpose of determining whether the available facts and evidence relating to the conduct underlying the felony complaint provide a basis for charging the defendant with an offense other than a felony and reducing same, except upon consent of the District Attorney. (CPL 180.50, subd 1.)
The court does not find that the People acted in an arbitrary and capricious or even malicious manner in reducing the charge to a misdemeanor.[2]
*726 The defendants were placed in the same position they would have been in had a hearing been held and the charges reduced or even dismissed. A reduction or dismissal of the charges does not preclude the District Attorney from subsequently indicting the defendants. (People v Hodge, 53 NY2d 313.)
As to defendants’ second contention regarding the four adjournments preceding the indictment the court finds that the People are only charged for the adjournment on March 23, 1982* *[3] at which time it was stated on the record that said matter would be presented to the Grand Jury. The record, as outlined above, is not indicative of any scheme by the People to deprive the defendants of their rights by unnecessary delay, etc.
Finally, the court does not accept the defendants’ third contention that they were denied effective assistance of counsel as a result of not having been given a preliminary hearing.
All three defendants, as noted earlier, were represented by counsel at every stage of the proceedings from arraignment on the felony complaint up to the present.
Defendants’ sole reliance on People v Hodge (supra) as the basis for the relief sought herein is misplaced.
In Hodge (supra) the defendant was directed by the court to proceed to a hearing in the absence of counsel, a situation entirely different from that which confronts this court.
In view of the foregoing, it is the opinion of the court that the defendants herein were in no way prejudiced by the actions of the District Attorney in causing an indictment to be filed in the absence of a preliminary hearing; nor were any constitutional or statutory rights violated:
(1) The Grand Jury found the evidence legally sufficient to warrant an indictment.
*727 (2) Each defendant was represented by his own counsel at every proceeding.
(3) Each defendant was released in his own recognizance following arraignment.[4]
(4) The defendants were provided open file discovery by the People.
Nothing more could have been or would be gained by a preliminary hearing.
It behooves the defendants to direct their attention to the remedies provided for dismissal of an indictment in CPL article 210.' “As the purpose for the preliminary hearing terminates when an indictment has been found, no procedure to obtain it is thereafter available. Such a defendant’s rights are then no more and no less than those of a defendant indicted in the first instance. The remedy in a proper case to move for an inspection of the Grand Jury minutes or dismissal of the indictment is available to all such defendants.” (People v Jackson, 48 Misc 2d, at pp 1028-1029.)
Accordingly, the defendants’ motions are denied in all respects.

. As previously stated, only the defendants Edward Galak and Herminio Diaz had their felony charge reduced to a misdemeanor. All three defendants, however, are relying on said allegations in joining in this motion.

. The court may have reached a different conclusion had the defendants sought relief for failure of the People to provide them with notice and an opportunity to testify *726 before the Grand Jury. CPL 190.50 (subd 5, par [a]) provides that notice need only be given to a defendant who has been arraigned upon a currently undisposed of felony complaint.

. As to defendant Martin Galak, Jr., the People were charged with two adjournments (March 9,1982, and March 19, Í982) and on both occasions the record reflects that the matter was to be presented to the Grand Jury.

. As stated in Matter of Friess (86 Misc 2d, at p 855): “CPL 180.80 (subd 2) provides that a defendant who has been held in custody on a felony complaint more than 72 hours without a disposition of the complaint, or the ‘commencement of a hearing thereon’, must be released on his own recognizance, unless in the interim he has been indicted by a Grand Jury or the Grand Jury has directed the filing of a prosecutor’s information against him. This petitioner has been released on his own recognizance. Thus, he has the benefit of all the relief he would have been entitled to had he been held in custody for 72 hours, without a preliminary hearing.”