**Anthony MORANO, Appellant,**

v.

**Dennis DILLON, District Attorney,
Nassau County, Appellee.**

**No. 50, Docket 84–7372.**

United States Court of Appeals,
Second Circuit.

Argued Sept. 18, 1984.

Decided Oct. 19, 1984.

sitting by designation.

George Nager, Mineola, N.Y., for appellant.

Kathryn Driscoll Hopkins, Deputy County Atty. of Nassau County, Mineola, N.Y. (Edward G. McCabe, County Atty. for Nassau County, Mineola, N.Y., of counsel), for appellee.

Before LUMBARD, OAKES and PRATT, Circuit Judges.

## PER CURIAM:

This civil rights action is brought by appellant Morano, who is a defendant on bail pending appeal of his prosecution on felony charges in the County Court of Nassau. Morano seeks injunctive relief and a declaration that he was unconstitutionally denied a preliminary hearing with the opportunity to cross-examine witnesses and introduce evidence in his own behalf. While N.Y.Crim.Proc.Law. § 180.10 (McKinney 1982) seems to require that a court provide a preliminary hearing on a felony complaint at the request of the defendant,[1] section 180.10 has been construed by lower state courts to vest the prosecutor with discretion to proceed by presentation of facts directly to the grand jury. *See People v. McDonnell*, 83 Misc.2d 907, 909, 373 N.Y. S.2d 971, 974–75 (N.Y.Sup.Ct.1975). *Compare People v. Galak*, 114 Misc.2d 719, 452 N.Y.S.2d 795 (N.Y.Sup.Ct.1982) (construing § 180.10 in light of N.Y.Crim.Proc.Law § 190.55), *and People v. Edwards*, 19 Misc.2d 412, 189 N.Y.S.2d 39 (N.Y.Gen. Sess.1959), *with People v. Heredia*, 81 Misc.2d 777, 367 N.Y.S.2d 925 (N.Y.Dist.Ct. 1975). Be that as it may, the instant suit was brought in the United States District Court for the Eastern District of New York seeking injunctive relief and a declaratory judgment that § 180.10 violates the equal

---

1. N.Y.Crim.Proc.Law § 180.10 provides in part:

    1. Upon the defendant's arraignment before a local criminal court upon a felony complaint, the court must immediately inform him, or cause him to be informed in its presence, of the charge or charges against him and that the primary purpose of the proceedings upon such felony complaint is to determine whether the defendant is to be held for the action of a grand jury with respect to the charges contained therein. The court must furnish the defendant with a copy of the felony complaint.

    2. The defendant has a right to a prompt hearing upon the issue of whether there is sufficient evidence to warrant the court in holding him for the action of a grand jury, but he may waive such right.

    . . . .

    4. The court must inform the defendant of all rights specified in subdivisions two and three. The court must accord the defendant opportunity to exercise such rights and must itself take such affirmative action as is necessary to effectuate them.

    See also N.Y.Crim.Proc.Law § 190.55, which provides in part:

    1. A grand jury may hear and examine evidence concerning the alleged commission of any offense prosecutable in the courts of the county . . . .

    2. District attorneys are required or authorized to submit evidence to grand juries under the following circumstances:

    (a) A district attorney must submit to a grand jury evidence concerning a felony allegedly committed by a defendant who, on the basis of a felony complaint filed with a local criminal court of the county, has been held for the action of a grand jury of such county, except where indictment has been waived by the defendant pursuant to article one hundred ninety-five.

protection and due process clauses in allowing the district attorney discretion to determine whether felony complaints will go to a preliminary hearing or directly to the grand jury without examination. The district court, Jacob Mishler, Judge, dismissed the complaint on the ground of prosecutorial immunity, citing *Taylor v. Kavanagh*, 640 F.2d 450 (2d Cir.1981); *see also Powers v. Coe*, 728 F.2d 97 (2d Cir.1984). The parties have insisted upon briefing and arguing the immunity issue before us, despite the fact that in dictum *Supreme Court v. Consumers Union*, 446 U.S. 719, 736–37, 100 S.Ct. 1967, 1977, 64 L.Ed.2d 641 (1980), pointedly reaffirmed *Ex parte Young*, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908) (no prosecutorial immunity from declarative and injunctive relief); *see also Pulliam v. Allen*, —— U.S. ——, ——, 104 S.Ct. 1970, 1981, 80 L.Ed.2d 565 (1984) (no judicial immunity from attorney's fees in injunction case); *Doran v. Salem Inn, Inc.*, 422 U.S. 922, 95 S.Ct. 2561, 45 L.Ed.2d 648 (1975). We affirm, however, on the basis of *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971) (federal injunctive relief against state court prosecution not permissible); *Samuels v. Mackell*, 401 U.S. 66, 91 S.Ct. 764, 27 L.Ed.2d 688 (1971) (federal declaratory relief against state court prosecution not permissible); and *Kugler v. Helfant*, 421 U.S. 117, 95 S.Ct. 1524, 44 L.Ed.2d 15 (1975) (federal injunctive relief to prevent possible misuse of grand jury testimony in state court prosecution not permissible).

## FACTS

Morano was arrested on October 18, 1982, for the criminal sale and possession, with intent to sell, of cocaine, felony offenses under N.Y.Penal Law §§ 220.16 and 220.39 (McKinney 1980). Following his arrest and release on bail, appellant requested a preliminary hearing pursuant to N.Y.

Crim.Proc.Law § 180.10. This request was denied by the district attorney of the County of Nassau.

The district court found that on November 3, 1982, Morano appeared for a hearing before a magistrate of the district court for the County of Nassau, but the hearing did not take place because the prosecution was not yet ready. The district court further found that on subsequent occasions Morano was prepared for a hearing but the prosecutor was not.

In an effort to obtain a preliminary hearing, appellant initiated a state civil action under Article 78 [2] in the Supreme Court of New York, Nassau County. On January 5, 1983, the court denied the request. An appeal was taken to the Appellate Division, Second Judicial Department, and argument was heard on November 4, 1983. As yet, the Appellate Division has not rendered a decision.

On March 11, 1983, while Morano's Article 78 action was in process, he was indicted by the grand jury of Nassau County on four felony counts for the sale and possession of cocaine. Despite two requests for a stay of the criminal proceedings pending appeal of his Article 78 action, his trial went forward. On January 16, 1984, he was found guilty as charged in the indictment. On March 9, 1984, he was sentenced to serve five to fifteen years. Sentencing has been stayed pending appeal of the conviction.

Meanwhile, on the day this action was filed, November 10, 1983, Judge Mishler quite properly denied Morano's request for a stay of the state court criminal proceedings on grounds based upon *Younger v. Harris, supra.*

On March 13, 1984, the district court ultimately granted appellee's motion to dismiss the complaint,[3] and this appeal followed.

---

**2.** N.Y.Civ.Prac.Law §§ 7801–7806 (McKinney 1981).

**3.** Some measure of the helpfulness of the parties in this appeal may be gleaned from the fact that the complaint in federal court sought a

three-judge court under 28 U.S.C. §§ 2281, 2284. Authorization to seek a three-judge court under 28 U.S.C. § 2281 was, of course, eliminated when 28 U.S.C. § 2281 was repealed on August 12, 1976, Pub.L. 94–381, 90 Stat. 1119, and the conditions under which a three-judge court may

## DISCUSSION

Little or no discussion is needed. This is the classic *Younger v. Harris* case, seeking to enjoin pending state court criminal proceedings, with no showing of bad faith or harassment or other unusual or extraordinary circumstances. Nor is this a case like *Gerstein v. Pugh*, 420 U.S. 103, 95 S.Ct. 854, 43 L.Ed.2d 54 (1975), in which the Court held impermissible a pretrial detention without a judicial hearing on the issue of whether there was probable cause for the detention; Morano was not detained. Moreover, Morano raised his federal constitutional claims as a defense in the criminal proceedings themselves, as well as the Article 78 proceedings which are pending.[4] While the question whether the latter proceedings provide a relatively complete, practical, and efficient remedy for the alleged federal wrong may seem dubious in light of the long-pending appeal to the Second Department, restraint of the concluded criminal proceedings themselves is simply not warranted here.[5] So saying, we of course do not reach the constitutional question(s) on the merits.

Affirmed.

convene under 28 U.S.C. § 2284 are totally unrelated to the claims advanced in this case.

**4.** Since there is no final state court judgment, the bar of *Allen v. McCurry*, 449 U.S. 90, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980), does not arise. Appellant may nevertheless be foreclosed from raising his constitutional challenge here even in the absence of a final judgment, under the reasoning set forth in the Restatement (Second) of Judgments § 13 comment g (1980), which argues that an adequate and firm determination of one issue in a given action need not await the resolution of the remaining issues before obtaining preclusive effect in a subsequent action. *See, e.g., Zdanok v. Glidden Co.*, 327 F.2d 944, 955 (2d Cir.), *cert. denied*, 377 U.S. 934, 84 S.Ct.

1338, 12 L.Ed.2d 298 (1964); *Lummus Co. v. Commonwealth Oil Refining Co.*, 297 F.2d 80, 89–90 (2d Cir.1961), *cert. denied*, 364 U.S. 911, 81 S.Ct. 274, 5 L.Ed.2d 225 (1960). The record before us, however, is insufficiently detailed to permit a determination of the applicability of this line of reasoning to the instant case. *Cf. Migra v. Warren City School Dist. Bd. of Educ.*, —— U.S. ——, 104 S.Ct. 892, 79 L.Ed.2d 56 (1984) (preclusive effect given to state court judgment as to federal issue litigant could have raised, but did not).

**5.** *See* Rosenfeld, *The Place of State Courts in the Era of* Younger v. Harris, 59 *B.U.L.Rev.* 597, 656–57 (1979).