

Opinions of the United
States Court of Appeals
for the Third Circuit

2006 Decisions

10-23-2006

# Martin v. Keitel

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-2077

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Martin v. Keitel" (2006). *2006 Decisions.* Paper 304.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/304

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

APS-337                                                            NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

NO. 06-2077
_____

MICHAEL LINWOOD MARTIN,

Appellant

v.

DANIEL T. KEITEL, individually and in his official capacity as
Prosecutor of the State of New Jersey, Superior Court, Law Division, Essex County;
CLIFFORD J. MINOR, individually and in his official capacity as
Chief Prosecutor of the State of New Jersey, Superior Court, Law Division, Essex County
_____

On Appeal From the United States District Court
For the District of New Jersey
(D.N.J. Civ. No. 05-cv-04617)
District Judge:  Honorable Jose L. Linares
_____

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Under Third Circuit LAR 27.4 and I.O.P. 10.6
September 14, 2006

BEFORE:  SLOVITER, McKEE AND FISHER, <u>CIRCUIT</u> <u>JUDGE</u>

(Filed: October 23, 2006)
_____

OPINION
_____

PER CURIAM

Michael Linwood Martin, a New Jersey state prisoner proceeding pro se, appeals from the District Court's sua sponte dismissal of his complaint pursuant to 28 U.S.C. §§ 1915(e) and 1915A(b) and the District Court's denial of his motion to reconsider that dismissal. Because this appeal does not present a substantial question, we will summarily affirm the District Court's rulings. See 3d Cir. LAR 27.4; 3d Cir. IOP 10.6.

Martin's claim arises out of a New Jersey state indictment. In 1993, a grand jury indicted Martin on charges of, among other things, having sexually assaulted both a twelve-year-old girl and his mother-in-law on the same day. The grand jury indicted him on eight counts as to his first victim and five counts as to his second. In 1993, a jury convicted him on four of the five counts relating to his second victim. In 1994, another jury convicted him on each of the eight counts relating to his first victim. After Martin's second conviction, the trial court sentenced him to an aggregate term of twenty-six years imprisonment.

On September 21, 2005, Martin filed the complaint that gives rise to this appeal. In his complaint, Martin asserts a claim under 42 U.S.C. § 1983 against an Essex County, New Jersey prosecutor and the Chief Prosecutor of Essex County. Martin alleges that, because of his race, the prosecutor wrongfully added six counts to his indictment after the grand jury foreperson had signed it and that the Chief Prosecutor knew or should have

2

known what the prosecutor had done.[1]  Martin seeks monetary damages and a declaration

that defendants' actions violated his Due Process and Equal Protection rights.  Martin also

seeks an order enjoining defendants and others from (1) retaliating against him for having

filed the complaint, (2) retaliating against any other prisoners who might assist him in the

litigation, and (3) transferring him to a different correctional institution without his

consent during the pendency of this litigation.  With his complaint, Martin filed a motion

for leave to proceed in forma pauperis.

On October 12, 2005, the District Court simultaneously granted Martin's motion to

proceed in forma pauperis and dismissed his complaint sua sponte pursuant to 28 U.S.C.

§§ 1915(e)(2)(B)(ii) and (iii) and 1915A(b)(1) and (2) on the basis that the prosecutor

defendants are absolutely immune from suit under Section 1983.  The District Court also

explained that, in light of defendants' immunity, any amendment of the complaint would

be futile.  After Martin moved for reconsideration, the District Court entered an order

denying that motion on March 14, 2006, in which it reiterated its prior ruling and noted

that, under Heck v. Humphrey, 512 U.S. 477 (1994), any Section 1983 claim that might

---

[1]Martin previously sought habeas corpus relief on the alleged basis that the grand
jury had properly indicted him on only seven of the thirteen accounts, but did not
specifically argue that the prosecutor had wrongfully added the remaining counts.  The
District Court denied Martin's habeas petition, this Court denied Martin's request for a
certificate of appealability, and the U.S. Supreme Court denied Martin's petition for a
writ of certiorari.  Martin subsequently filed a petition for rehearing en banc with this
Court, which remains pending as of the date of this opinion.

3

call into question the constitutionality of Martin's conviction required that the conviction first be overturned or otherwise invalidated. Martin appeals from both orders.[2]

We agree with the District Court that defendants are absolutely immune from Martin's claim for monetary damages under Section 1983. Absolute prosecutorial immunity from monetary damages extends to prosecutorial activities that are "intimately associated with the judicial phase of the criminal process." Imbler v. Pachtman, 424 U.S. 409, 430 (1976). The act of preparing an indictment – even of wrongfully doing so, as Martin alleges the prosecutor did here – clearly qualifies. See, e.g., Schrob v. Catterson, 948 F.2d 1402, 1410-11 (3d Cir. 1991) (noting that "[post-Imbler decisions have generally upheld prosecutorial immunity in cases involving . . . the indictment [of] or filing of charges against an individual"); Baez v. Hennessy, 853 F.2d 73, 75 (2d Cir. 1988) (holding that prosecutor was immune from Section 1983 claim that he wrongfully prepared an indictment because "the prosecutor was acting within the course of his official duties in the preparation and presentment of the indictment"); N.J. R. Ct. 3:7-3(a) (providing that indictments must be signed by the prosecuting attorney).

Absolute prosecutorial immunity, however, extends only to claims for monetary damages and not to requests for declaratory or injunctive relief. See Supreme Court of

---

[2]We have jurisdiction pursuant to 28 U.S.C. § 1291. Our review of the District Court's dismissal under Sections 1915(e) and 1915A(b) is plenary, see Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999), as is our review of its denial of reconsideration insofar as it was based on the interpretation and application of law, see United States v. Smith, 445 F.3d 713, 716 (3d Cir. 2006).

4

Va. v. Consumers Union of the United States, 446 U.S. 719, 736 (1980); Jorden v. National Guard Bureau, 799 F.2d 99, 110 (3d Cir. 1986); Morano v. Dillon, 746 F.2d 942, 944 (2d Cir. 1984). The District Court dismissed the complaint in its entirety on the basis of prosecutorial immunity, but did not separately address Martin's claims for declaratory and injunctive relief. Prosecutorial immunity does not bar those claims.

Nor, as the District Court suggested, does Heck v. Humphrey, 512 U.S. 477 (1994). Heck and its progeny hold that Section 1983 claims are not cognizable if a judgment in the plaintiff's favor necessarily would imply the invalidity of a conviction or sentence that has not been overturned or otherwise invalidated. See, e.g. Heck, 512 U.S. at 487. That is not the case here. Errors, defects or other irregularities in the grand jury process do not warrant the reversal of a petit jury's conviction except in limited circumstances. See United States v. Mechanik, 475 U.S. 66, 70-73 (1986); United States v. Console, 13 F.3d 641, 671-72 (3d Cir. 1993). A conviction by a petit jury means, not only that there was probable cause to indict, but that the defendant was in fact guilty beyond a reasonable doubt. See Mechanik, 475 U.S. at 70. Such a conviction thus generally renders harmless any irregularity in the indictment process. See id. at 73; Console, 13 F.3d at 672. Martin was convicted by a petit jury here, so a declaration that defendants wrongfully added counts to his indictment would not necessarily call into question the validity of his conviction on those counts (and would not concern at all his conviction on the counts on which he concedes he was properly indicted).

5

Our liberal review of the complaint, however, reveals that Martin is not entitled to the declaratory or injunctive relief he seeks for other reasons. See Erie Telecomms., Inc. v. City of Erie, 853 F.2d 1084, 1089 n.10 (3d Cir. 1988) ("An appellate court may affirm a correct decision by a lower court on grounds different than those used by the lower court in reaching its decision."). First, Martin's request for declaratory relief seeks merely a declaration that defendants violated his constitutional rights in the past. To satisfy the standing and "case or controversy" requirements of Article III, a party seeking a declaratory judgment "must allege facts from which it appears there is a substantial likelihood that he will suffer injury in the future." Bauer v. Texas, 341 F.3d 352, 358 (5th Cir. 2003) (citing City of Los Angeles v. Lyons, 461 U.S. 95, 102-03 (1983)). Here, Martin seeks a declaration merely that defendants violated his constitutional rights by wrongfully adding counts to his indictment. Although he alleges they did so pursuant to a "practice" and a "massive conspiracy by lawyers, judges, and prosecutors," he does not allege that he will be subjected to that alleged conduct in the future. Accordingly, even if defendants violated Martin's rights in the past as he alleges, he is not entitled to a declaration to that effect. See Brown v. Fauver, 819 F.2d 395, 399-400 (3d Cir. 1987) (directing District Court to dismiss prisoner's Section 1983 claim for declaratory relief where appellant "has done nothing more than allege past exposure to unconstitutional state action").

Second, Martin's request for injunctive relief is legally deficient as well. Martin's underlying substantive claim is that the prosecutor wrongfully added counts to his

indictment. In his request for injunctive relief, however, Martin seeks to enjoin defendants and others (who are not named as defendants) from retaliating for his institution and prosecution of this litigation. His request for injunctive relief is thus targeted at potential conduct that bears no relation to his underlying claim. See, e.g., Devose v. Herrington, 42 F.3d 470, 471 (8th Cir. 1994) (affirming denial of request for preliminary injunction based on alleged retaliatory conduct unrelated to basis for prisoner's Section 1983 claim and explaining that "a party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint").

Moreover, Martin does not allege that he has actually suffered any retaliation for instituting this litigation or that he has any reason to believe that he might suffer such retaliation in the future. His claim for injunctive relief is thus purely speculative and does not present a "case or controversy" under Article III. See Lyons, 461 U.S. at 101-110; O'Shea v. Littleton, 414 U.S. 488, 493-495 (1974).

Accordingly, the District Court's dismissal of Martin's complaint, and its denial of his motion to reconsider that dismissal, will be affirmed.[3]

---

[3]In his motion for reconsideration, Martin did not take issue with the District Court's inclusion of his claims for declaratory and injunctive relief in its dismissal on the basis of prosecutorial immunity, but instead argued only that defendants' actions were outside the scope of their prosecutorial duties. As explained above, that argument is clearly incorrect, so the District Court did not err in declining to reconsider its dismissal of Martin's complaint on that basis.